The opinion of the Court was delivered by
RTott, J.
This question having been decided, and the practice of our Courts conformed to it, for the last fifteen years, it is necessary to quote authorities in support of the opinion now delivered. In the case of Reynolds v. Terrence,[1] decided, at Columbia, the *rule was laid down as I think the law is, when a person sues in the character of an executor or administrator, he must make profert of his letters testamentary, or of administration, as the case may be. If he fail to do so, the defendant may demur to the declaration. If he make profert, the defendant may crave oyer, and the letter must be produced for his inspection. He may then take any exception to them by pleading or otherwise that he may think proper. But if he then plead the general issue, he admits the plaintiff properly in Court; and he is not bound to produce his letters afterwards. Ex’ors v. Oldman Haywood’s Rep. 165. Berry’s Adm’r v. Pullman, Ib. 16.
The plea of ne unques Exor., is a plea to the disability of the plaintiff and does not go to the merits of the action. And when the regular order of pleading is conductive to the ends of justice, it ought not to be dispensed with.
The motion in this case must be refused.
Colcock, G-antt and RichaRDSON, JJ., concurred.

 MS. The case, as reported 3 Brev. 49, Rave involved this point. 1 Tread. 125, does not appear to
1 Bail. 447; 2 Bail. 174; 3 McO. 344.