CASE No. 864.

JOHNSTONE v. MANIGAULT.

1. An appeal lies from a judgment rendered in a special proceeding.
2. A tenant, whose crop had been sold under proceedings authorized by the agricultural lien act of 1878, (16 *Stat.* 410) gave the notice to the sheriff prescribed in Section 3 of the act. *Held,* that he had thereby elected to seek the only remedy which this act afforded to the tenant, and that was an issue to determine whether the amount claimed was justly due.
3. The tenant gave to the sheriff the notice and affidavit required by the statute, and the landlord filed in the clerk's office a statement of the issue raised by such affidavit, and had it set down for trial at the next succeeding term of the Circuit Court. *Held,* that it was not necessary to serve upon the tenant notice of such filing, nor to have the issues framed by an order of the court.

Before MACKEY, J., Georgetown, April, 1879.

Special proceeding under the agricultural lien act of 1878. The case is stated in the opinion of the court. The affidavit and notice of Manigault were as follows :

*To T. W. Dickinson, Esq., Sheriff, Georgetown county :*

DEAR SIR—You will please take notice under the provisions of Section 3 of " An act entitled an act to secure landlords and persons making advances," approved March 4th, 1878, that the amount claimed by Mrs. A. L. Johnstone as due by me to her for rent, and for which claim you have seized and sold a portion of my crop, is not justly due to her, and that the proceeds of such sale are to be held by you as provided in said act.

Herewith is served upon you the affidavit required by said section.

A. M. MANIGAULT, JR.

December 20th, 1878.

Personally appeared before me, Arthur M. Manigault, Jr., and made oath, (being first duly sworn,) that on December 3d, A. D. 1878, T. W. Dickinson, sheriff of Georgetown county, levied upon, seized, and on December 16th, 1878, sold a portion of deponent's crop of rice, on Estherville Plantation; in Georgetown county, upon a claim of Mrs. A. L. Johnstone, that the sum of $700 was due by this deponent to her for rent of the said plantation, and, upon affidavit, that deponent was about to sell or dispose of his said crop, or in some other way was about to defeat the lien of the amount so alleged to be due for rent; that the amount so claimed is not justly due from deponent to the said Mrs. Alice L. Johnstone, and that she is not entitled to the same.; and, further, that deponent was not about to sell or dispose of his crop, or in any other way to defeat the lien of any amount that might be due by him for rent to any one soever.

A. M. MANIGAULT, JR.

Sworn to, December 18th, A. D. 1878.

The paper called issue was as follows:

ALICE L. JOHNSTONE v. ARTHUR M. MANIGUALT, JR.—ISSUE.

Be it remembered that on December 3d, 1878, under and by virtue of proceedings in that behalf had and obtained by the above-named Alice L. Johnstone, according to the requirements of the statutes in such case made and provided, a certain quantity of rice grown upon Estherville Plantation, in the county and state aforesaid, by Arthur M. Manigault, Jr., the tenant of said plantation, was seized and sold by the sheriff of Georgetown, to pay the sum of $700, the rent of said plantation for the year 1878, to the said Alice L. Johnstone, the landlord of the said Arthur M. Manigault, Jr., and the assignee of said rent. That upon such sale the said rice brought the sum of $747.40, which is now in the hands of the sheriff.

That the said sheriff ought to pay over the said proceeds of sale, or so much as might be necessary to extinguish the said

rent to the said Alice L. Johnstone, but he refuses to do so, alleging that said Arthur M. Manigault, Jr., did, within thirty days after such sale, give him notice in writing, accompanied by an affidavit, to the effect that the amount claimed is not due, and that he holds the proceeds of said sale subject to the decision of the court, upon the issue thus raised between the said Alice L. Johnstone and the said Arthur M. Manigault, Jr. And the said Alice L. Johnstone, in fact, says that under the seizure and sale aforesaid, and the statutes in such case made and provided, she is entitled to the net proceeds of said sale, or so much thereof as will be necessary to extinguish the said rent, notwithstanding the said notice and affidavit of said Arthur M. Manigault, Jr.

Wherefore she demands the decision of the court, that the said sum of money, or so much as may be necessary to extinguish the said rent, be paid over to her, together with her costs.

*Mr. H. A. M. Smith*, for appellant.

There was no issue upon which defendant could be forced to trial. 16 *Stat.* 410, §§ 2, 3, 5. What is an issue ? *Bouv. L. Dict.; Jacob's L. Dict.; Code*, §§ 271, 273. Issue can thus only arise by allegations and counter allegations ; or by order of court defining the issue. Here we have neither ; only notice to sheriff to stay his hand. This, like attachment, should have been followed by complaint. Affidavit is insufficient, as the plaintiff here was not the landlord who made the contract, but only an assignee ; and *facts* are not stated upon which the deponent formed his belief. 17 *How. Pr.* 559 ; 22 *Ib.* 272 ; 6 *S. C.* 169. There could be no indictment for perjury here, and tenants and their character would be at the mercy of him who held the lien. Proceedings should be in analogy to existing methods of procedure ; and that required an issue. If plaintiff's affidavit was insufficient, there was no traversible fact, whereby an issue could be raised. Act of 1878 was passed after lease was made, and act of June, 1877, (16 *Stat.* 265,) repealed all former lien laws.

*Mr. R. Dozier*, contra.

April 23d, 1880.   The opinion of the court was delivered by
McIVER, A. J.   Under the view taken in this case the pre-
liminary question raised by the respondent as to whether the
appellant could appeal in a case of. this character, is of no
practical importance and need not, therefore, be considered ; but
it may be as well to say that the position taken by respondent
cannot be sustained.   This, it is true, was a special proceeding
and not an action, but it is a mistake to suppose that there is no
appeal from the judgments or orders of the Circuit Court in
special proceedings.   On the contrary, sub-division 3 of Section
11, of the code of procedure, expressly provides for an appeal
in such cases.   See also *Cureton* v. *Hutchinson*, 3 *S. C.* 607.

The facts out of which the controversy in this case arose, are,
briefly, as follows : At the beginning of the year 1878, the
appellant held a lease of a plantation, in Georgetown county,
then belonging to one William C. Johnstone, which expired on
December, 31st, 1878.   At some time during the year, precisely
when does not appear, the plantation was sold to the respondent
and the rents assigned to her.   On December 2d, 1878, on an
affidavit made by said William C. Johnstone that he was the duly
authorized agent of respondent ; that $700 remained due and
unpaid on the rent ; and "that deponent is informed and
believes that the said Arthur M. Manigault, Jr., is removing and
selling the crop made on said plantation and is about to defeat the
lien which the said Mrs. Alice L. Johnstone has, by law thereon,"
a warrant was issued by. the clerk of the Court of Common
Pleas, directed to the sheriff, commanding him to seize the crop
of the appellant raised on said plantation for the purpose of
satisfying respondent's demand for rent.   Under this warrant
the sheriff seized and sold five hundred bushels of rough rice
on December 16th, 1878, and within thirty days thereafter, the
appellant made the affidavit and gave the notice to the sheriff,
contemplated by the proviso to the third section of the act of
March 4th, 1878, (16 *Stat.* 410,) copies of which affidavit and
notice may be found in the "case" as prepared for this court.
At the next succeeding term of the Court of Common Pleas for
Georgetown county, the respondent, by his attorney, filed in said
court the "paper called issue," (a copy of which will be found

in the " case,") which, however, was not served either upon the appellant or his attorneys, and the case was docketed on Calendar No. 1, but " no notice was served either on the appellant or his attorneys, further than the mere fact of docketing the case, but the fact of its having been filed was known to one of his attorneys from seeing the paper in the clerk's office and having a copy made." At the call of the case for trial the appellant moved to strike the case from the docket and to dismiss the proceedings and that the sheriff be directed to pay over the proceeds of the sale of the rice to appellant, on the following grounds :

1. That the affidavit upon which the warrant was issued was insufficient and irregular, inasmuch as it was made upon information and belief only.

2. That the affidavit was not made by the proper person.

3. That the seizure of the crop could only be made by the actual lessor and not by his assignees.

4. That no issue had been made up for trial in the manner required by law, and there was no issue between the parties for trial.

The Circuit judge held that the affidavit was insufficient, but that appellant " by coming in under the statute and serving his affidavit upon the sheriff, waived his objection to the insufficiency of the affidavit, and that the issue between the parties consisted of the allegation in the affidavit of Mrs. Johnstone that so much rent was due to her, and the denial in the affidavit of Manigault that so much was justly due to her, and that the cause should proceed to trial on the issue so raised, and that the paper filed by the attorney of Mrs. Johnstone was a correct statement of the issue, and directed the trial to proceed." After testimony in behalf of the respondent had been introduced, the appellant offering none; the jury found a verdict in favor of the respondent. The appellant having duly excepted, brings this appeal upon the same grounds as were urged in support of the motion before the Circuit judge.

According to the view taken of this case, the questions raised as to the sufficiency of the affidavit, and to the right of respondent as assignee to the remedy provided by the act in

question, cannot properly arise and need not, therefore, be considered. The action taken by the appellant, avowedly, was under the proviso to the third section of the act of March 4th, 1878. 16 *Stat.* 410. Having elected to seek the remedy provided for by that proviso, he must be confined to the relief which that remedy was designed to afford, and that was the privilege of having an issue tried by the court to determine whether the amount claimed was justly due. This privilege the appellant has enjoyed, and, therefore, has no reason to complain, as he has obtained the only relief which the remedy he chose to adopt was competent to afford him. That the relief afforded by the proviso in question was intended to be confined solely to the opportunity given to the tenant or person to whom advances should be made, to contest before a judicial tribunal the justice of the claim, under which his property has been seized and sold, is clear from the very terms used. The language is that if the tenant or person to whom supplies have been furnished, "shall, within thirty days *after such sale* has been made, give notice in writing to the sheriff, accompanied with an affidavit to this effect, *that the amount claimed is not justly due,* that then," &c. The very fact that the remedy is only provided for *after the sale* shows that it was not designed to be used as a protection against an illegal seizure or sale of the party's property, and the nature of the affidavit required, "that the amount claimed is not justly due," shows that the sole purpose was to afford the means of having the amount claimed to be due judicially ascertained. Indeed, there was no necessity for making any special provision to protect the person to whom supplies were advanced, or the tenant from an illegal seizure or sale of his property under the provisions of the second section of the act, as the general provisions of law already afforded ample means for the protection of parties whose property was about to be seized without due warrant of law, or for the recovery of damages from those who might trespass upon their rights; but there was eminent propriety, if not an absolute necessity, that an act giving a summary mode of relief to a creditor should contain some provision whereby the debtor could have the justness and amount of the claim thus summarily to be enforced inquired into.

It is said, however, that while all this may be true, still the proceedings in this case cannot be sustained because there was no order of court framing the issue and no notice to appellant that such issue had been framed or filed and would be set down for trial. A sufficient answer to this objection is that the statute, which in every line of it shows that the intention was that the whole proceeding should be of the most summary character, does not require or contemplate any such notice, and as no advantage could be acquired by the one party or disadvantage suffered by the other from the want of such an order or notice, there is no practical necessity for either. The appellant when he made the affidavit and gave the notice to the sheriff, himself made up the issue by traversing the allegation in the affidavit upon which the warrant was issued, that a certain amount was justly due; and any formal statement of the issue so raised, which should be filed in court, upon which the question could be tried, would be a sufficient compliance with the requirements of the act, which prescribes no particular formality as to notice; none, certainly, was necessary. The act requires none, and so far as the appellant is concerned, he certainly cannot complain of want of notice of a proceeding which he himself has inaugurated, and which the very act under which he commenced his proceedings not only informed him must terminate in an issue, the nature of which is fixed by the act—whether the amount claimed was justly due—but also informed him when such issue would be set down for trial—" *shall be made up and set down for trial at the next succeeding term of the court."*

The judgment of the Circuit Court should be affirmed, and it is so ordered.

WILLARD, C. J., and McGOWAN, A. J., concurred.