### SEASE v. DOBSON.

1. The statute gives a lien for agricultural supplies advanced under "an
   agreement in writing," and provides an extraordinary remedy for the
   enforcement of this lien. *Held,* that where the instrument providing
   for the advances and a lien to secure them is not signed by both par-
   ties, but only by the person to whom the supplies are to be advanced,
   this statutory lien does not exist.

2. At the trial of an issue raised under the extraordinary remedy pro-
   vided by this statute, it being correctly ruled that no lien exists, testi-
   mony to prove that supplies had been furnished was properly excluded
   as irrelevant.

3. The party against whom the warrant has been issued may contest the
   validity of the lien under an issue raised, in accordance with the pro-
   visions of the statute, as to whether the amount claimed is due; and
   this right is not waived by a failure to move before the clerk to have
   the warrant vacated.

Before HUDSON, J., Barnwell, March, 1890.

This was an issue raised under a warrant procured by Alfred
Sease against Joseph and Henry Dobson. The opinion states
the case.

*Messrs. James E. Davis* and *W. A. Holman,* for appellants.

*Mr. J. J. Brown,* contra.

July 2, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.    This was a proceeding com-
menced by the plaintiff to enforce an alleged agricultural lien on
the crops of the defendants.    The crops were seized by the sher-
iff under a warrant issued by the clerk of the court, and being
sold, the proceeds were held subject to the decision of the court,
upon an issue raised by the defendants, "that the amount claimed
by the plaintiff was not justly due him, in accordance with the
latter part of section 398, General Statutes."    This issue was
tried before his honor, Judge Hudson, and it appearing that the
paper upon which it was claimed that an agricultural lien had
been executed, and upon which the warrant had been issued, was
signed only by the defendants, his honor "held that the plaintiff
was estopped from recovering under the said lien any advances
other than the amount due for rent, and held that the liens were
absolutely void upon the ground that the plaintiff had failed to
sign the same."    The plaintiff offered proof that he had fully
executed his contracts for advances on his part, which was ruled
incompetent, his honor restricting the jury to the question of
rent, and the jury having found $200 for the plaintiff for rent,
judgment was entered therefor, and the plaintiff appealed as to
the other question involving the advances made under the alleged
agricultural lien.

The appeal of plaintiff is founded upon three grounds, alleged
as error: 1st. Because his honor erred in holding that the lien
contracts were void, because they were not signed by the plain-
tiff.    In other words, because his honor erroneously held that an
agricultural lien contract should be signed by both parties.    2nd.
Because his honor erred in refusing to allow testimony that the
plaintiff had fully complied with his part of the contract as to
furnishing the supplies.    3rd. Admitting that the liens were
void, yet that this question should have been made before the
clerk on motion to vacate the warrants, which not having been
done, it was now too late to raise that question on the issue of
indebtedness.

As to the first question, the act of assembly in such cases pro-
vides in terms that to constitute an agricultural lien, an agree-
ment in writing shall be entered into, specifying certain things,
&c.    See section 2400, General Statutes.    Now, was there an

agreement entered into here in writing? An agreement may be defined to be a contract between two or more parties, &c. Thus it requires two or more parties to make an agreement, and while an agreement may be made in some cases orally or verbally and without any writing by either party, yet we do not see how one could be made in writing unless all of the parties signed it. An agricultural lien is a statutory privilege, and connected with it there are important rights, and some stringent rules and regulations unknown to other contracts, and to entitle one to its benefits the requirements of the statute must be observed, and when the act provides in terms that the agreement should be in writing, the courts have no authority to dispense with this provision. We think his honor was correct in holding that the paper in question did not comply with the act.

His honor having held correctly, as we think, that said paper was void as an agricultural lien contract, he was correct also in ruling out the testimony offered by the plaintiff that he had furnished the supplies called for. Had this been an action to recover a debt contracted by the defendants for goods and supplies furnished, such evidence would have been relevant and competent, but such was not the character of the action. On the contrary, it was a special proceeding provided by statute for the recovery of a debt of a certain character, and the plaintiff was confined to that proceeding. This disposes of the second ground of appeal.

Next as to the third ground. Should the defendant have been held estopped from attacking the alleged agricultural contract, for the reason that he failed to move to vacate the warrant of seizure before the clerk? A warrant of seizure may be vacated or discharged by the officer issuing it upon one of two grounds where they exist: 1st, for irregularity; and 2nd, for improvidence. The difference between these causes, as we said in *Monday* v. *Elmore* (27 S. C., 129), is "that an attachment is irregularly issued when it appears upon the face of the proceedings that there is no ground for the attachment; in other words, where the affidavit fails to contain the conditions upon which the law authorizes such a proceeding, to wit," &c. It is improvidently issued when the conditions necessary are stated, but they are untrue, which fact being shown by the defendant, the attachment

may be dissolved. *Ivy* v. *Caston*, 21 S. C., 588. Each of these causes presupposes, in the case of an agricultural lien, a valid contract to that end, and the motion to discharge is based upon something *dehors* said contract, and not upon the contract itself.

The affidavit in this case does not appear in the record, but we suppose that it contained all that was necessary to authorize the clerk to issue the warrant of seizure, and consequently the defendant made no motion to dissolve it; but this does not, as we think, preclude the defendant from defending the issue which he has now raised. The act provides that after the seizure and sale of the property, if the party to whom advances have been made shall within thirty days thereafter give notice that the amount claimed is not due, &c., an issue shall be made up to try that question. The question in such issue is whether the amount claimed is due under the lien, which, of course, involves the validity of the lien. See the case of *Warren, Wallace & Co.* v. *Lawton* (14 S. C., 476), which is similar to the case at bar, and we think controls it. In that case the lien had been executed to secure a debt to a third party who had paid an old debt for the lienor, and affidavit by the lienor stating this fact was held sufficient to raise the issue required by the statute in such cases—the court saying, through Mr. Justice McIver: "As we have before said, the affidavit of the creditor, before he can obtain a warrant to enforce his lien, must be regarded as an affidavit to the effect that the amount claimed is then due under the lien, and all that the debtor is required to do in order to raise the issue contemplated by the act is to deny that allegation." This denial has been made here, and it directly involves the validity of the lien contract, and not merely whether the warrant of seizure was issued irregularly or improvidently, which questions, had they been involved, it is true might have been made before the clerk.

There is no conflict between the case of *Johnstone* v. *Manigault* (13 S. C., 403), and the positions hereinabove. That case simply decided that when the debtor pretermitted his opportunity of attacking the warrant before the clerk on the ground of either irregularity or improvidence, and raised the issue of indebtedness, as the act provided for, that he could not on that issue fall back on either of these grounds, but must stand or fall

on the question raised, to wit, indebtedness.    Here the debtor
does not attempt to raise either irregularity or improvidence.
He simply denies that he owes anything under the lien claimed,
and he sustains this denial by showing there is no legal lien, be-
cause the agreement was not signed by both parties, as required
by the act.

It is the judgment of this court, that the judgment of the Cir-
cuit Court be affirmed.