(33 Misc. Rep. 443.)

MARSHALL et al. v. FRIEND.

(Supreme Court, Special Term, Onondaga County. December, 1900.)

1. REPLEVIN—AFFIDAVIT—SUFFICIENT DESCRIPTION—STATUTE.

Under Code, § 1695, providing that the affidavit in replevin "must par-ticularly describe the chattel to be replevied," an affidavit which de-scribes the property as "10,090 wool pelts, the wool taken therefrom, and the skin thereof (otherwise known as 'slats'), in pickle or lime," is sufficient, and will not be set aside on a preliminary motion where its only indefiniteness appears by facts submitted outside the replevin papers.

2. SAME—ORDER PERMITTING SUIT AGAINST RECEIVER.

Where an order allowing plaintiff to bring replevin against a receiver of a corporation was made, after proper notice to the attorney general, by the same justice who appointed the receiver, but was not entered until two or three days after the commencement of the action, the service of the summons and process therein would not be set aside on motion, since the order, when entered, took effect as of the day when granted.

3. SAME—SUFFICIENT LEVY—DEFENDANT'S RECEIPT.

Where, in replevin, the defendant retained the property, and gave a receipt therefor to the sheriff, wherein the levy and rights of the sheriff were recognized, the levy was valid.

Replevin by Jacob Marshall and others against Charles M. Friend as temporary receiver for D. J. Hamburger & Sons Company. Mo-tion of defendant to set aside the summons. Denied.

Countryman & Du Bois, for the motion.
Louis Marshall and Benj. Stolz, opposed.

HISCOCK, J.　The action is brought to recover certain sheep and lamb pelts, and the wool taken therefrom, which had been sold by the plaintiffs, and also by a certain firm of Kraft & Schwartz, to the corporation, D. J. Hamburger & Sons Company, of which the defendant, Friend, has been appointed receiver.　Kraft & Schwartz assigned their claim to plaintiffs before the commencement of the action.　The affidavit in replevin which is criticised upon this motion, and for the alleged deficiencies of which it is asked that the replevin process and levy thereunder should be set aside, reads as follows:

"Benjamin Marshall, of Syracuse, N. Y., being sworn, says that he is one of the plaintiffs herein, who are co-partners; that the said plaintiffs are the lawful owners, and lawfully entitled to the possession of, the following articles of personal property, namely, 10,090 wool pelts, the wool taken therefrom, and the skins thereof (otherwise known as 'slats'), in pickle or lime."

The question is whether that description is sufficient, under the requirement of section 1695 of the Code, which provides that such an affidavit, among other things, "must particularly describe the chattel to be replevied."　It appears from the moving papers that the vendee, Hamburger & Sons Company, was engaged in the business of buying wool pelts, removing the wool therefrom, and putting the skins through a certain process by which to prepare them for various purposes; that the skins, when the wool had been stripped therefrom, were known as "slats," and in the course of all or part of the process above mentioned were described as being in pickle or lime.　I think that the affidavit, upon its face, was sufficient to comply with the requirements of the Code.　Its allegations informed the sheriff and everybody else that the plaintiffs desired to secure the possession of a certain number of pelts or skins; that they were wool-bearing pelts, and therefore, almost as a matter of necessity, sheep or lamb skins, as distinguished from any other kind of hides; that the wool had been stripped from them, and that at the time they were in a certain process or preparation of manufacture, apparently well understood in the business, of being in lime or pickle; also that plaintiffs desired to replevy the wool which had been stripped from these pelts, and which, by the same course of reasoning, would be the wool of sheep, as distinguished from any other product.　To this description were to be added the facts, also appearing from the affidavit, that such property was in the possession of the defendant, and that he had it from the Hamburger & Sons Company, who had purchased it from plaintiffs and their assignors, thus identifying with reasonable certainty the location and history of the property.　After hearing this motion, I do not well see how plaintiffs, at the time they commenced this action, could reasonably have been required to make the description of the property much more definite or certain.　It does not appear that there were ever any distinguishing signs or marks attached to these pelts, even when plaintiffs and their assignors had them, and much less any which would be known to plaintiffs after the vendee had obtained possession of them and put them through the process of manufacture.　It does not appear that they were the pelts of any par-

ticular breed of sheep, or that the pelts or the wool therefrom had any particular distinguishing characteristics upon any such line as that, or that the skins were of any particular or unusual size or shape. The affidavit, upon its face, indicates intelligently and with reasonable certainty the property which plaintiffs desired to obtain. In this respect it differs, as it seemed to me, from the affidavits in the cases referred to by defendant. In some of those cases the affidavits referred to the property to be replevied by signs or characters or numbers which were absolutely unintelligible, and meant nothing whatever without explanatory evidence. In one case (that of De Voe v. Selig, 25 Misc. Rep. 411, 54 N. Y. Supp. 941) especially relied upon by defendant the chattels were described as being "Eleven cotton linings, 610 1-4 yards; 9 cotton linings, 459 yards; 3 6-4 woolen cloth, 201 4-8 yards"; and it was held that this description was not sufficient to enable the sheriff to determine from it, with some degree of accuracy and intelligence, what he was required to replevy, and the affidavit was held defective. That description, however, upon its face, was not only vague and indefinite, but it was indefinite where there was no necessity for its being so. A description of cloth as merely woolen cloth or cotton lining at once suggests to the mind want of definiteness. A sheriff going to the place where such chattels were kept would at once be embarrassed and unable to tell what his process called for. On the other hand, the plaintiff in that case, unlike those in this case, might readily have supplied this deficiency by describing the color, style, or other distinguishing characteristics of the property. What is a reasonably definite description of chattels in any case must be determined somewhat by the possibility of giving and stating distinguishing characteristics and marks of the property. The affidavit that is criticised here, upon its face and as it was given to the sheriff, described properly and with reasonable certainty and definiteness the property of which he was to take possession. It is only made to appear indefinite and insufficient by facts submitted outside of the replevin papers in the moving affidavits on this motion. The claim is made, upon the allegations contained in those moving papers, that there were other pelts and property in the possession of the defendant with which those sold by plaintiffs and their assignors had become confused, and that the description in plaintiffs' affidavit was insufficient to enable the sheriff to distinguish the property sought in this action from that which belonged to other people. This idea is combated by the answering affidavits upon this motion. But, even if it is correct, I think that uncertainty of that kind, and arising from such facts outside of the record of the replevin process, should be met and disposed of upon the trial of the action, rather than upon this preliminary motion. If the replevin process, including the affidavit, is regular and sufficient upon its face, and if the difficulty arises through the property thereby sought having become confused with other like property, such difficulty and the questions arising therefrom can be disposed of and settled upon the trial. It will be incumbent upon the plaintiffs upon the trial to establish that the property taken by the sheriff in their behalf is property which he

was entitled to take under the process issued to him. The question whether the sheriff has taken property that he was not entitled to replevy in behalf of plaintiffs can be more fully and more satisfactorily determined upon the evidence of witnesses upon a trial than upon ex parte affidavits upon such a preliminary motion as this.

The notice of motion seems to indicate only the foregoing ground as the basis upon which the replevin process should be set aside. Upon the hearing, however, two other questions were more or less discussed. It was claimed by defendant that no proper or sufficient order was obtained by plaintiffs, allowing them to commence this suit against the receiver. It appears, however, by the answering affidavits, that upon notice to the attorney general, at a term of court held by the same justice who appointed defendant receiver, an order was obtained allowing plaintiffs to commence this action. The order, however, does not seem to have been entered until two or three days after the action was commenced. I do not regard such facts as furnishing a sufficient basis upon which to set aside the service of the summons and process herein. There does not seem to have been any intentional disregard or contempt of the court or its officers by the plaintiffs. Their order seems to have been granted upon reasonable notice and under proper circumstances. There was some delay in entering the order, but when entered it would, doubtless, for the purposes of this motion, take effect as of the day when it was granted. The granting of this motion, upon this ground, at best, would be more or less discretionary with the court. I do not think, under the circumstances, that the discretion should be exercised against plaintiffs in this case. It was also suggested, rather than very seriously argued, that the sheriff had not made a sufficient levy upon the chattels under the process issued to him. I think, however, upon all of the facts appearing upon the hearing, and especially in view of the receipt given by the defendant to the sheriff by which he takes the custody of the property, and, in substance, recognizes the levy and rights of the sheriff, that this contention is not established. These views lead to denying this motion, with $10 costs.

Motion denied, with $10 costs.