(38 Misc. Rep. 780.)

## GLASS v. HAUSER.

(Supreme Court, Appellate Term. June, 1902.)

1. WAREHOUSEMAN—ACTION BY BAILOR—DEFENSE.

A defense by a warehouseman, when sued for the value of goods deposited, that they were replevied, without showing that the process was legal, or subsequently applied to the bailor's benefit, and without showing when the seizure was made, or that the bailor was apprised thereof, is insufficient as an excuse for the failure to return the goods.

2. SAME—DAMAGES.—EVIDENCE.

    The evidence of a bailor, in an action for the value of goods deposited with a warehouseman, which fixed their value in three different sums, and which showed that they were a little more valuable when purchased than at the time of the trial, that they were worth less at the time of the trial than when delivered to the warehouseman, and that when he demanded them they were worth the same, was insufficient to furnish a basis for a judgment in an amount considerably less than any of the sums fixed as their value by the bailor.

    Appeal from municipal court, borough of Manhattan, Fifth district.

    Action by Israel Glass against Peter Hauser. From a judgment for plaintiff, defendant appeals. Reversed.

    Argued before FREEDMAN, P. J., and MacLEAN and GIL-DERSLEEVE, JJ.

    Herman M. Schapp, for appellant.

    Sanders & Feltenstein, for respondent.

    MacLEAN, J. In this action by the plaintiff to recover the value of goods deposited with the defendant, a warehouseman, excuse offered for failure to return is that the goods were replevied by a marshal; but whether under valid legal process, or whether subsequently applied to the benefit of the plaintiff, does not appear; nor does the record show when the seizure was made or the plaintiff apprised. The excuse, therefore, fails. Roberts v. Deposit Co., 123 N. Y. 57, 25 N. E. 294, 9 L. R. A. 438, 20 Am. St. Rep. 718. But the trial justice, upon seemingly insufficient evidence therefor, rendered judgment in favor of the plaintiff for $263.05; the plaintiff testifying in one breath to $380.24 and in the next to $363.05 as the value of the goods, and later to $328.24 as their cost. The only evidence of value at the time of demand is as follows:

    "Q. Was the value, at the time you bought them, the same as they are now? A. Before they were a little more valuable. Q. Did they grow any less in value from the time that you delivered them to the defendant until now? A. Now they are worth less money now. Q. At the time you did ask them for it they were worth the same? A. Yes."

    This, with the other statements by the plaintiff, may not be said to furnish a basis for the amount of the judgment as rendered. For this reason the judgment should be reversed, and a new trial ordered.

    Judgment reversed, and new trial ordered, with costs to abide event. All concur.