(40 Misc. Rep. 661.)

### GLASS v. HAUSER.

(Supreme Court, Appellate Term.  March, 1903.)

1. **REPLEVIN—LEVY—SUFFICIENCY.**
    In replevin the officer served on defendant copies of the summons, affidavit, undertaking, and requisitions. Defendant retained the goods, but gave to the officer a receipt therefor. *Held* a valid levy.

2. **BAILMENT—LIABILITY OF BAILEE.**
    A bailee for hire may excuse his failure to deliver the goods to the bailor by showing that they were seized under a valid legal process, and that within a reasonable time he gave notice thereof to the bailor.

3. **SAME.**
    A warehouseman, when sued for the value of goods deposited, testified that they were replevied; that he was unable to locate plaintiff; that he notified his brother, who called on the day of the levy, and showed him the papers in the replevin suit, and tried to learn from him plaintiff's address; that he also tried to find the address in the directory. The brother denied that he was shown the papers, or that defendant tried to learn plaintiff's address. The warehouse receipt was in the name of E. G., without any address. The suit was brought by E. G., but the name was subsequently changed to H. G. In plaintiff's notice of settlement of the case on appeal and in his bill of particulars the name was

¶ 2. See Bailment, vol. 6, Cent. Dig. § 116.
    83 N.Y.S.—12

I. G.   *Held*, that defendant's efforts to notify plaintiff of the replevin
suit were sufficient to release him from liability for failure to deliver
the goods.

Appeal from Municipal Court, Borough of Manhattan, Fifth Dis-
trict.

Action by Harris Glass against Peter Hauser.  From a judgment
for plaintiff, defendant appeals.  Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and
GIEGERICH, JJ.

Charles Firestone, for appellant.

Sanders & Feltenstein, for respondent.

GILDERSLEEVE, J.   The pleadings are oral.   The complaint is
for "damages for breach of contract," and the answer is a "general
denial and demand for bill of particulars."   The plaintiff furnished a
bill of particulars, setting forth that, on September 20, 1901, the
plaintiff stored with defendant certain specified merchandise; that
plaintiff subsequently demanded the return of said goods, but defendant
refused to deliver the same; and that the value of the goods was the
sum of $363.05.   On the trial the plaintiff proved the storage of the
goods, the demand and the refusal, and offered some evidence tending
to show the value of the articles stored.   The defendant, on the other
hand, proved that in the case of Weissman v. Hauser the goods in
question were replevied by a marshal, and copies of the summons,
affidavit, undertaking, and requisition were served upon defendant
by the marshal, who, however, left the goods with defendant, but took
a receipt therefor.   This is sufficient to constitute a valid levy by the
marshal.   See Marshall v. Friend, 33 Misc. Rep. 447, 68 N. Y. Supp.
502.   None of the exhibits is attached to the record, but the above
statement of facts appears to be conceded by counsel for the respective
parties.   The rule is that a bailee for reward may excuse himself
for a failure to deliver the property to the bailor, when called upon to
do so, by showing that the property was taken from his custody or
control under the authority of valid legal process, and that within a
reasonable time he gave notice of the fact to the owner.   See Roberts·
v. Stuyvesant Safe Deposit Co., 123 N. Y. 61, 65, 25 N. E. 294, 9
L. R. A. 438, 20 Am. St. Rep. 718.

A former judgment in the case at bar was reversed by this court on
the ground that defendant had not shown that the process was legal,
or when the seizure was made or the plaintiff apprised.   Glass v.
Hauser, 38 Misc. Rep. 780, 78 N. Y. Supp. 830.   On the appeal before
us the validity of the process does not appear to be questioned, and
the defendant and the marshal testify as to the service of the papers
and the levy, which is alleged to have taken place on September 30,
1901.   The defendant swears that he was unable to locate the plaintiff,
although he used reasonable efforts to do so, but that he did notify
the brother of plaintiff, who called on the day of the levy, and that he
tried to learn from the brother the plaintiff's address, and showed the
brother the papers in the replevin action that had been served on him.
The brother denies that he showed him the papers, or tried to learn
plaintiff's address.   The defendant also says that he tried to find plain-

tiff's address in the directory, but could not. The brother of plaintiff swears that he called with $5, and demanded the goods, and that defendant's manager told him that "the goods were out," but said nothing about replevin proceedings. There is considerable dispute between the witnesses for the respective parties as to many questions of fact. The justice found for the plaintiff in the sum of $265.05 damages and $20.15 costs.

As we have said, the exhibits are not annexed to the record, but it is apparently conceded that the process was a valid and legal one. It is claimed by plaintiff, however, that defendant was not released from liability under his contract of storage for the reason that he gave no notice to the plaintiff of the manner in which the goods were taken, so as to enable the plaintiff to assert his rights to the property in question. The defendant, as we have seen, claims he notified plaintiff's brother, who seems to have represented plaintiff in the storage matter, on the same day that the levy was made in the replevin action. This is denied by the brother. It is not denied, however, that defendant looked in the directory, and endeavored to locate the plaintiff for the purpose of notifying him. The issue the trial justice had to decide turned upon this proposition, viz.: Did the defendant, under the circumstances, take the necessary precautions and make such reasonable efforts to advise the bailor of the seizure, by legal process, as to exonerate him from liability? We think there is a strong preponderance of evidence in support of the defendant's claim that he did. The finding of the court below on this question must be said to be against the weight of evidence. The record, as we have seen, is very imperfect by reason of the absence of all exhibits. It seems to be conceded that the warehouse receipt is in the name of "E. Glass," and that no address appears upon it. The suit was brought in the name of Ezrael Glass, and remained in that name until the second trial, when the name of the claimant of the property appeared to be "Harris Glass," and the court then ordered the name in the summons to be changed from "Ezrael" to "Harris." In the plaintiff's notice of settlement of the case herein on appeal the plaintiff is put down as "Israel Glass." This is also true of the bill of particulars. There is little wonder that, in the absence of any address on the warehouse receipt, which was given in the name of and to one "E. Glass," efforts did not result in unearthing the real claimant of the property, to wit, "Harris Glass," and apprise him of the replevin proceedings.

We think that, under the circumstances established by the testimony here, the defendant did all that could reasonably be expected of him to inform the plaintiff of the seizure of the goods by the marshal in the Weissman action. The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.