## 10572

### REAMES v. LAWRENCE.

(106 S. E. 31)

ATTACHMENT—INSUFFICIENCY OF AFFIDAVIT WAIVED BY RELIANCE ON OBJECTION THAT CLAIM NOT JUST.—Insufficiency of affidavit for attachment was waived by defendant serving sheriff with notice and affidavit that the amount claimed by the plaintiff was not justly due.

*Before* McIVER, *J., Sumter, fall term,* 1919. *Affirmed.*

Action by F. A. Reames against T. D. Lawrence. From order refusing to vacate an attachment, the defendant appeals.

*John H. Clifton, Esq.,* for appellant, cites: *Defendant may move to vacate an attachment*: Sec. 296, Code Proc. 1912; *at any time before trial*: Sec. 277 Ibid. In 86 S. C. 10 *motion to vacate was made during the trial.*

*Messrs. Jennings & Harby,* for respondent: *Oral argument, citing* 13 S. C. 408.

February 28, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant states his case as follows:

"The above action was commenced by the issuance of a summons and a warrant of attachment. Defendant gave notice of a motion to vacate, upon the ground that the attachment had been irregularly and improvidently issued, in that the affidavit, being upon information and belief only, did not state the sources of the information nor any circumstances upon which the attachment was issued. This motion was noticed to be heard first before the clerk of Court of Common Pleas for Sumter county, and also was noticed to be heard before his Honor JUDGE W. H. TOWNSEND. Neither of these two motions was ever heard, but the motion to vacate was taken up before JUDGE McIVER at the fall term, 1919, of the Court of Common Pleas for Sumter county. Before the service of any motion to vacate the defendant had served a notice and affidavit upon the belief that the amount claimed by the plaintiff was unjustly due. At a hearing before JUDGE McIVER, when the case was called for trial, but before the trial was commenced, the motion to vacate was argued. Counsel for the plaintiff conceded that the affidavit upon which the attachment had been issued was defective, and not sufficient to support the attachment, but contended that, inasmuch as the defendant had served the sheriff with notice and affidavit that the amount claimed by the plaintiff was not justly due, defendant had waived any defect in the attachment papers. The appellant respectfully contends that his Honor was in error in refusing to vacate the attachment, because it was admitted upon the argument that the affidavit was defective and insufficient;

nor can it be said that the defendant was compelled by any rule of law to move, to vacate before filing the notice with the sheriff that the amount claimed was not justly due."

No summons was issued. The crop was seized under a warrant to seize the crop. The motion was refused. The case of *Johnstone v. Manigault,* 13 S. C. at page 408, fully sustains his Honor, and the order appealed from is affirmed.