## 10839

### BONNETTE v. CLOW

#### (110 S. E. 794)

1. ARREST—WHETHER DEFENDANT DISPOSED OF PROPERTY WITH INTENT TO DEFRAUD HIS CREDITORS HELD FOR THE JURY.—In action on a note, in which plaintiff procured an order for defendant's arrest, under Code Civ. Proc. 1912, § 230, for disposing of his property with the intention of defrauding creditors, the question of whether defendant disposed of his property with such intent *held* for the jury.

2. ARREST—STATUTE PROVIDING FOR ARREST OF A DEFENDANT FOR DISPOSING OF PROPERTY WITH THE INTENT TO DEFRAUD "CREDITORS" APPLICABLE TO INDIVIDUAL CREDITOR.—Under Code Civ. Proc. 1912, § 230, providing for the arrest of a defendant who has "disposed of his property, or is about to do so, to defraud his creditors," the defendant may be arrested for disposing of his property with the intent to defraud a creditor; that statute not having reference merely to creditors as a class.

3. ARREST—DEFENDANT WHO TRANSFERS PROPERTY TO DEFRAUD CRED-
ITORS LIABLE TO ARREST THOUGH PROPERTY IS TRANSFERRED TO PAY
A VALID OBLIGATION.—Under Code Civ. Proc. 1912, § 230, providing
for the arrest of a defendant who has removed or disposed of his
property with the intent to defraud creditors, a defendant who
transfers property intending to defraud creditors is liable to arrest
though the property is transferred to pay a valid obligation.

Before TOWNSEND, Richland, June, 1921.    Appeal dismissed.

Action by J. H. Bonnette against Arthur F. Clow. Judgment holding defendant in arrest and bail for disposing of his property with the intention of defrauding creditors, and defendant appeals.

On the issue of whether the defendant disposed of his property with the intention of defrauding plaintiff, the plaintiff testified that the defendant sold the mortgage within an hour after the dissolution of the attachment thereof. The defendant testified that he transferred the mortgage to a bank to secure existing indebtedness pursuant to a promise made two weeks theretofore, and that the transaction with the bank was bona fide.    His testimony was corroborated by the president of the bank.

*Mr. E. A. Blackwell,* for appellant, cites: *When insolvent debtor may prefer creditor without making it fraudulent*: 14 A. & E. Enc. L., 226-7; 20 Cyc., 577-8; 52 S. C., 129; 56 S. C., 154; 21 S. C., 361; 27 S. C., 272; 213 U. S., 223.

*Messrs. Buford Jackson* and *B. L. McDowell,* for respondent, cite: *Sufficiency of evidence for the jury*: 96 S. E., 538.

February 27, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record:

"This action was commenced on or about June 5, 1920, and was based upon a certain promissory note given by defendant to plaintiff, and also upon a contract between plaintiff and defendant, which note and contract are set out verbatim in the complaint. At the time of the commencement of the action, the plaintiff procured a warrant of attachment, under which he sought to attach a certain bond and mortgage, the property of the defendant, the said warrant of attachment having been issued upon an affidavit signed by the plaintiff, in which it was set out that defendant was preparing to leave the State attachment, attached to which notice was a certificate of his property with intent to defraud his creditors.

"The defendant served notice of motion to dissolve the attachment, attached to which notice was a certificate of J. F. Walker, clerk of Court, to the effect that he has possession of the mortgage sought to be attached. Said motion was heard before Hon. W. H. Townsend, Judge of the Fifth circuit, on June 18, 1920, and on that date he passed an order dissolving the attachment. Thereupon the plaintiff filed another affidavit, setting forth therein substantially the same allegations as in the former one, and procured a second warrant of attachment for the bond and mortgage in question. Upon effort being made to attach same, it developed that the defendant had parted with title and possession thereof. The second attachment was served June 21, 1920. Thereupon, under date of June 24, 1920, the plaintiff made another affidavit, which is set out in the record herein, on the strength of which he procured from Hon. W. H. Townsend, Judge of the Fifth circuit, an order for the arrest of the defendant, under provisions of Section 230 of the Code of Civil Procedure. Defendant furnished bail in the sum of $500 as provided by said order.

"The case was heard at the June, 1921, term of the
Court of Common Pleas for Richland County, and the pre-
siding Judge directed a verdict for the amount of the note
sued upon, plus interest and attorney's fees. From this
part of the judgment directing a verdict for the amount
of the note plus interest and attorney's fees no appeal is
taken. The presiding Judge submitted to the jury the is-
sue as to whether or not defendant had disposed of the
property in question, with intent to defraud the plaintiff.
The jury found that he had, and judgment was entered
holding the defendant in arrest and bail. From the rulings
and charge - of the presiding Judge upon this issue the
present appeal is taken."

The defendant's exceptions are as follows:

"(1) That his Honor erred in refusing defendant's
motion for a direction of a verdict, there being no testi-
mony showing or tending to show that defendant had dis-
posed of his property with intent to defraud his creditors.

"(2) That his Honor erred in charging the jury: 'Now,
if a conveyance of property is made by a debtor with
intent to defraud his creditors, or to delay some
of his creditors, prevent them from collecting their
debts, it would be fraudulent so far as the debtor was
concerned, although the debtor by so disposing of his
property satisfied or paid a just debt outstanding against
him. In other words, if the defendant, Clow, transferred
his property to the Bank of Columbia, with the intent of
defrauding the plaintiff, Bonnette, and of preventing Bon-
nette from collecting his debt against the defendant, then
Clow, under such circumstances, would be guilty of dispos-
ing of his property with intent to defraud his creditors,
although in the same transaction he might pay a just debt
he was due the Bank of Columbia'—because such charge
is contrary to the statute law of South Carolina pertaining
to the disposition of property with intent to defraud credi-

tors, which refers to creditors as a class, and not to any individual creditor, and because, where property was transferred to pay an honest obligation, it could constitute nothing more than a preference of such creditor over others, if the debt was due and owing, and under such circumstances would not be an attempt to defraud creditors, as contemplated by the Statute."

The first exception cannot be sustained, as there 1 was testimony tending to show that the defendant disposed of his property, with the intention of defrauding his creditors, which it is unnecessary to reproduce. Section 6 of Rule 5 (90 S. E., vii) provides that each exception must contain a concise statement of one proposition of law. But, waiving such objection, the second exception cannot be sustained.

The first proposition upon which the defendant 2. relies is that the statute law, to which reference is made, refers to creditors as a class, and not to any individual creditor. No authorities are cited to sustain this proposition, and it is not sound in principle.

The second proposition upon which he relies is that, 3 where property is transferred to pay a valid obligation, the assignor will not be guilty of fraud, even if it was also his intention, in transferring his property, to defraud other creditors. It is not necessary to cite authorities to show that this proposition is untenable.

Appeal dismissed.

MESSRS. JUSTICES WATTS and FRASER concur.

MR. JUSTICE COTHRAN: I concur in the result, the dismissal of the appeal, but upon this ground: This was an action at law upon a promissory note. The plaintiff, upon an affidavit that the defendant had disposed of his property with intent to defraud his creditors, procured an order of arrest. The defendant, without contesting the validity of the affidavit or the legality of the order and ar-

rest, gave bond as required by the order. He did not move to vacate the arrest, nor has he appealed from the order. Upon the trial of the action upon its merits, the Circuit Judge directed a verdict in favor of the plaintiff upon the note, and submitted to the jury the issue whether or not the defendant was guilty of the charge made in the affidavit. Upon this issue the jury found in favor of the plaintiff. The defendant has appealed, not from the judgment, but from the rulings and charge of the Judge in submitting the above issue to the jury.

That issue was concluded by the failure of the defendant to move to vacate the order of arrest and his giving bond. It was not properly before the Court, and should not have been submitted. For an analogous principle see *Johnstone v. Manigault,* 13 S. C., 408; *Reames v. Lawrence,* 115 S. C., 419, 106 S. E., 31. Section 4183 of Volume 1 of the Code applies only to cases where the debtor is under arrest.