12501

### DuRANT v. BROWN MOTOR COMPANY

(144 S. E., 705)

April, 1927.

*Messrs. Hinds & Meadors,* for appellant,

*Messrs. Preston B. Thames, Jr.,* and *W. Stokes Houck,* for respondents,

September 26, 1928.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

· This is an action in claim and delivery for the possession of a certain described automobile; the appeal is from an order of his Honor, Special Judge Wilton H. Earle, vacating and setting aside the seizure of the car by the sheriff of Williamsburg County, under said proceedings, upon the ground that the seizure was made by said sheriff at Pamplico in Florence County. The facts appear to be as follows:

Both parties to the suit were at the time of the commencement of the action residents of the County of Williamsburg; the action was brought in the Court of Common Pleas of

that County; upon receipt of the papers, which consisted of the usual summons, complaint, affidavit, and indorsement requiring the sheriff "of the County where the property claimed may be to take the same from the defendant and deliver it to the plaintiff" (Code Civ. Proc. 1922, § 471), the sheriff ascertained that the car was not in Williamsburg County, but was at Pamplico, in Florence County, from information received from Allen Brown, an officer of the defendant company; Allen Brown accompanied the sheriff, or his deputy, to Pamplico, where the car was located by a brother of Allen Brown in charge of a similar business (perhaps the same as operated at Hemingway in Williamsburg County), at a filling station in a shed; the deputy sheriff, in an affidavit which is not contradicted, states:

"He asked me if it were necessary for him to turn the car over to me, as he expected to give the necessary bond immediately and take it back. I told him that in that case it would not be necessary, and that I could get the motor and license number of the car in order to identify it and take a receipt from the man at the filling station who could then hold the car until the bond was given. Neither Mr. W. B. Brown nor his brother offered any objection whatever to my taking the car in this manner; on the other hand, they assisted me. I knew that I was in Florence County, and that I did not have the right to actually seize the car there, and had we not arranged the matter in this way I would have gone to Florence and given the papers to Sheriff Barnes. However, as stated above, I did not regard this as an actual seizure, since it was all arranged in this way, and both Mr. W. B. Brown and his brother assisted me in getting the motor number of the car, and Mr. Brown wrote out the receipt for the filling station man to sign. He promised me that he would go to Florence the next day and put up the necessary bond and I had an understanding with him that as soon as he did so he could take the car and use it in whatever way he wanted to. I took the receipt signed by Mr.

R. L. Gregg, of the City Service Station, and left the car with him in Hemingway. I have not had any further correspondence with Brown Motor Company in regard to the matter, but I understand that after they had given the bond they took the car back into possession in accordance with our understanding."

On the following day the defendant executed and delivered to the sheriff of Williamsburg County a redelivery bond as provided for in Section 474 of the Code of Civil Procedure, got possession of it from the filling station man, and has since retained possession. On the same day the defendant served upon the sheriff, but not upon plaintiff's attorneys, a notice, addressed to both the sheriff and the plaintiff's attorneys, of a motion upon the call of the case for an order dismissing and setting aside the seizure upon the ground that the seizure had been made by the sheriff of Williamsburg County while the car was at the time located in Florence County. Said notice was not served upon the plaintiff's attorneys until the answer of the defendant was served upon them about two weeks later.

Upon the call of the case before his Honor, Judge Earle, at May term, 1927, he passed an order vacating and setting aside the seizure, upon the ground stated; and from this order the plaintiff has appealed.

We think that the conduct of the deputy sheriff constituted a seizure of the car; it was pointed out to him by the officers of the defendant; he took down the motor and license numbers of the car, and took a receipt for it from the filling station man, who agreed to hold the car for him until the defendant gave the required redelivery bond.

We think, too, that the sheriff of Williamsburg County was without authority of law to make the seizure outside of his County. The Code is specific:

"The plaintiff may, thereupon, by indorsement, in writing, upon the affidavit, require the sheriff *of the County where*

*the property claimed may be,* to take the same from the defendant and deliver it to the plaintiff."·

In the case of *Whitworth v. Wing,* 125 S. C., 146; 118 S. E., 177, a quite similar situation was presented. Wing, the defendant, was a resident of Aiken County, and the plaintiff a resident of Lexington County. The automobile was situate in Aiken County. The plaintiff attempted to cause the sheriff of Lexington County, under a warrant of attachment issued by the Clerk of Court of Lexington County, to seize or attach the automobile which was then in Aiken County. The Court held that the attachment was illegal, and that the sheriff of Lexington County was without authority to attach the property of the defendant Wing in Aiken County.

That was a case of attachment, but the statute relating thereto is quite analogous to the statute in claim and delivery. Relating to attachments the Code Civ. Proc. 1912, § 283, provides:

"The warrant shall be directed to any sheriff or constable *of any county in which property of such defendant may be.* * * *"

The Court approved of the following quotation from 24 R. C. L., 918:

"At common law a sheriff has no jurisdiction beyond the borders of his own county, the rule being that the acts of an officer outside of his county or baliwick are unofficial and necessarily. void, unless expressly or impliedly authorized by some statute."

But the point of attrition is whether or not the defendant, by the execution and delivery of the redelivery bond, has waived the irregularity of the seizure. We think that it has. There is no question of jurisdiction involved in the seizure; that question (of jurisdiction) is beyond dispute. The defendant was a resident of Williamsburg County; it was sued there and answered, submitting itself to that jurisdiction. The cases of *All v. Williams,* 87 S. C., 101; 68 S. E., 1041; Ann Cas., 1912-B, 837, and

*Williams v. Rollins,* 107 S. C., 440; 93 S. E., 1, apparently hold that actions for claim and delivery must be brought in the county where the property is located. When it is considered that each was a case in which the property was located in the county where the defendant resided, the universality of the doctrine announced may well be doubted. The inconvenience and delay consequent upon imposing a game of "hide and seek" leads to a doubt.

At any rate, the most that the defendant could have claimed was an order changing the venue which it has certainly waived. The improper seizure was therefore an irregularity, which could be waived. In 34 Cyc., 1456, it is said:

"Any irregularity in a levy made under a writ of replevin is cured by defendant giving a bond to return the property."

In *Carraway v. Wallace* (Miss.) 17 So., 930, the Court said:

"If the levy had been as this witness and Wallace were permitted to show, the irregularity of the levy had been waived and cured by the giving of the bond for $500 by the appellee and Mrs. Wallace, and their retaining the property."

In *Marshall v. Friend,* 33 Misc. Rep., 443; 68 N. Y. S., 502, it was held:

"Where, in replevin, the defendant retained the property, and gave a receipt therefor to the sheriff, wherein the levy and rights of the sheriff were recognized, the levy was valid."

In *Glass v. Hauser,* 40 Misc. Rep., 661; 83 N. Y. S., 177, it was held:

"In replevin the officer served on defendant copies of the summons, affidavit, undertaking, and requisitions. Defendant retained the goods, but gave to the officer a receipt therefor. Held a valid levy."

In *Jones v. Corporation* (Miss.) 115 So., 201, it was held:

"Executing forthcoming bond waived defect in serving replevin writ and was binding, though not approved in statutory 'form."

In *Johnstone v. Manigault,* 13 S. C., 403, under an agricultural warrant certain crops of the tenant were seized for rent; the tenant then gave the sheriff notice under the act that the amount claimed was not justly due, and proposed an issue for trial as to that claim. The issue was set down for trial, and upon the call of the case the tenant made a motion to dismiss the proceedings under which the crops were seized upon the ground, among others, that the affidavit upon which the warrant issued was insufficient and irregular. The Circuit Judge held that the affidavit was insufficient, but that the tenant, "by coming in under the statute and serving his affidavit upon the sheriff, waived his objection to the insufficiency of the affidavit," and that the only issue was as to the amount due. Upon appeal this Court held:

"* * * The questions raised as to the sufficiency of the affidavit, and to the right of respondent as assignee to the remedy provided by the Act in question, cannot properly arise and need not, therefore, be considered. The action taken by the appellant, avowedly, was under the * * * third Section of the Act of March 4, 1878, 16 Stat., 410. Having elected to seek the remedy provided for by that proviso, he must be confined to the relief which that remedy was designed to afford, and that was the privilege of having an issue tried by the Court to determine whether the amount claimed was justly due." Reaffirmed in *Sease v. Dobson,* 33 S. C., 234; 11 S. E., 728. *Railroad Co. v. Ridelhuber,* 38 S. C., 308; 17 S. E., 24. *Reames v. Lawrence,* 115 S. C., 419; 106 S. E., 31. See also, concurring opinion in *Bonnette v. Clow,* 118 S. C., 376; 110 S. E., 794.

By parity of reasoning, the defendant, by giving a forthcoming bond, has recognized the validity of the seizure which it might successfully have attacked. In *Young v.*

*Gray,* Harp., 38, which was an attachment case, the Court said:

"There is no doubt that the motion to set aside the proceedings in this case would have availed the defendant, if it had been made at a proper time, and under the circumstances which existed at the issuing of the writ. The Act on which this proceeding is founded, requires that the plaintiff shall give a bond in double the amount sued for, to prosecute his attachment to effect: and the case of *Hughes v. Thomas,* decided by this Court, is decisive on the point. * * *. But it is equally clear that the motion comes too late after appearance and plea to the merits. The general rule is that, by appearing and pleading to the action, the defendant waives all exceptions to the form or regularity of the writ" —citing *Smith v. Alston,* 1 Mill, Const., 104. *Vance v. Findley,* 1 Nott & McC., 578. *Trapier v. Mitchell,* 2 Nott & McC., 64. *Bank v. Cowing,* 2 Nott & McC., 439. *Knox v. Summers,* 3 Cranch, 496, 2 L. Ed., 510.

The Court further stated:

"The writ of attachment, although a sort of proceeding in rem, like any other original writ, is intended to bring the defendant into Court, and if he does appear and plead to the merits, like every other, it is *functus officio.* Its peculiar character is lost, and from thence the proceeding is merely personal, and must be governed by the same rules. The defendant did appear and plead; and, according to the rule, all objections to the regularity of the writ were waived, and cannot now avail the defendant."

We think that the analogy, in this respect, between an attachment and claim and delivery is complete. After the defendant executed a forthcoming bond, the plaintiff's right to the possession of the chattel was at an end, and his recourse was to a personal demand against the defendant, and to the bond in the event that he prevailed in the action. In *Callender v. Duncan,* 2 Bailey, 454, the Court held that, if the defendant in attachment appear and plead to the ac-

tion, he cannot afterwards move to dismiss the proceeding on the ground that there had been no sufficient attachment to make him a party. In *Clawson v. Sutton,* 3 S. C., 419, which also was an attachment case, the Court said:

"The defendant had not pleaded to the merits of the action; if he had, it would have been too late to move to set aside the writ because the bond did not conform to the Act" —citing *Young v. Gray,* Harp., 38.

In *Stephens v. Ringling,* 102 S. C., 333; 86 S. E., 683, the Court said:

"And if a nonresident defendant, whose property had been attached, should give a bail bond and retake possession of the property, that Act was held to be equivalent to appearance, and the attachment became *functus officio*"—citing *Young v. Gray,* Harp., 38. *Shooter v. McDuffie,* 5 Rich., 61. *Swann v. Lee,* 15 Rich., 164.

See, also, note 79 Am. Dec., 164. *Judah Callender & Co. v. Duncan,* 2 Bailey, 454:

"On the principal question, while it is recognized, as contended by defendant, that when an attachment has been issued it must be followed by service of the summons, personally or by publication (*Finch v. Slater,* 152 N. C., 155; 67 S. E., 264), we concur in the view of his Honor that, where property has been levied on under the writ, a bond given by defendants in discharge of the attachment, as provided by the statute, will be considered equivalent to a personal appearance in the action and a waiver of the requirement for further service of the summons." *Mitchell v. Elizabeth City Lumber Co.,* 169 N. C., 397; 86 S. E., 343.

"It appears that James J. Bailey has become a party to the action on his own motion, and has also asked for relief upon the merits by his motions. He has therefore waived any defect of jurisdiction as to his person."

"We are of the opinion that he has waived his motion to dismiss for want of proper service of the summons, even if he made it under a special appearance, which may be

doubted, as he has become a party to the action." *Board of Com'rs v. Scales,* 171 N. C., 523 ; 88 S. E., 869.

The judgment of this Court is that the order appealed from be reversed and that the case be remanded to the Circuit Court for further proceedings consistent herewith.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.