### W. K. BRIDGERS v. J. H. TAYLOR et al.*

*Arrest and Bail—Property—Construction of Statutes—§§ 291 and 3765 of The Code.*

1. The provision in § 291 (1) of *The Code*, for the arrest of a defendant, "for injuring or for wrongfully taking, detaining or converting property," has reference to *personal* and not to *real property*, notwithstanding the definition of the word *property* in § 3765.

2. Where the terms of a statute, which has received judicial construction, are used in a later statute, that construction is to be given to those terms in the later statute.

(MERRIMON, J., dissented.)

This was a MOTION to vacate an order of arrest, heard before *Avery, J.*, at the Fall Term, 1887, of the Superior Court of NORTHAMPTON County.

. The order was granted by the Clerk in an action for an alleged trespass of the defendants upon the land of the plaintiff, the affidavit stating that the defendants "have on divers times * * * injured and damaged said tract of land wilfully, and, as affiant believes, maliciously, by entering thereon after being forbidden so to do, and treading down the grass, tearing down affiant's fences, cutting down the trees, and by divers other means. That said defendants aided and encouraged each other in said trespass, and that by said wrongful acts and doings the affiant has been greatly damaged, and has brought an action against said defendants to recover damages for the same."

The affidavit was answered under oath by the defendants, who denied the title of the plaintiff, and stated, with much particularity, the nature of their own claim to the land mentioned in the complaint. They denied that the acts complained of were done wantonly or maliciously, and alleged that what they did was only incidental to the assertion of their rights.

---

* Avery, J., did not sit in this case.

Their answer was supported by several affidavits, of persons apparently disinterested, all tending to show title in the defendants, and that the acts complained of were done in good faith.

The plaintiff introduced other affidavits in support of his contention.

His Honor discharged the defendants, and the plaintiff appealed.

*Mr. R. B. Peebles*, for the plaintiff.
*Mr. Thos. W. Mason*, for the defendants.

SHEPHERD, J. (after stating the case as above). It may be, that upon the whole testimony his Honor was of the opinion that the case presented by the plaintiff was fully rebutted, but as he failed to find the facts, we are not at liberty to put our decision upon that ground. The question, therefore, is, whether paragraph 1, sec. 291, of *The Code*, is applicable to injuries to real property. The paragraph is as follows: " The defendant may be arrested, as hereinafter prescribed, in the following cases : (1.) In an action for the recovery of damages * * * where the action is for an injury to person or character, *or for injuring, or for wrongfully taking, detaining or converting property.*"

It is urged, that there is no more reason why one should be arrested for injuring a horse, or other personal property, than for burning a house, cutting down trees, and committing other injuries to real estate. To this it may be said, that personal property is more perishable in its character, and that injuries to it may be sufficient to wholly impair its value, before the Courts can stay the hand of the destroyer, while no considerable damage can be done to real property before the preventive power of the law can be invoked. It may also be said that real estate is peculiarly protected by the criminal law, and that the Legislature could not have

intended to subject to arrest and imprisonment oné who, honestly mistaking his boundary, commits some slight injury to the land of his neighbor; which could be done if the construction contended for prevails. But the ,most *conclusive* answer to such suggestions is that it is not our province to speculate as to what the law should be, but to *construe it as it is made.* The inquiry then is, whether, by the ordinary rules of construction, the statute under consideration warrants an arrest for injuries to real property. Section 3765, paragraph 6, of *The Code*, provides that the word "property" shall include all property, both real and personal, and that this construction shall be observed unless it would be inconsistent with the manifest intention of the General Assembly, or repugnant to the context of the same statute. The foregoing definition of "property," and sec. 291 of *The Code*, are exact copies of the New York Code upon the subject. The construction of this language, therefore, by the Court of Appeals of that State, is entitled to great weight with us, and we cannot do better than to quote the words of HUNT, J., in delivering the opinion of the Court in *Merritt* v. *Carpenter*, reported in 3 Keys. 142, overruling the decision of the Supreme Court in that case. It is true that that case was an action for the possession of land and for damages for withholding the same, but the learned Judge carefully considers the whole section, and concludes that *none* of its provisions are applicable to real property. He says : "The following words, '*taking*' and '*converting*,' would neither of them be appropriate in speaking of real property ; one may be readily understood when he says that an actión may be sustained for taking personal property, or for converting it, or for taking and converting it, but the words would convey no legal idea when applied to real estate.

"There is a broad sense in which the word 'detaining' might be applied to real estate, of which the expression, 'forcible entry and detainer,' is an illustration.

"Such was not, I apprehend, the meaning of the codifiers in its present connection. The expressions, injuring, taking, detaining and converting, are well used in the same sentence, and, apparently, as applying to the same subject-matter. Three of these words I have endeavored to show are not applicable to real property, and if the fourth was so intended, the use of the language was singularly unfortunate. I think the words (the italics are ours) *were all intended to be applied to personal property only.*"

We adopt the reasoning of this able Judge in the interpretation he has given us; but if we were doubtful as to the correctness of his conclusions, there is a well settled rule of construction, which, when applied to this case, relieves us from all difficulty. It is conceded that the section under consideration was taken from the New York Code of Civil Procedure. Its language, as we have seen, was construed in *Merritt* v. *Carpenter, supra,* in 1866, and it was enacted by the General Assembly of North Carolina in 1868.

Dwarris on Statutes, 274, says: "That words and phrases, the meaning of which, in a statute, has been ascertained, are, when read in a subsequent statute, to be understood in the same sense."

In the note of Judge Potter on the same page, it is said that "where the terms of a statute which has received judicial construction are used in a later statute, whether passed by the Legislature of the same State or country or by that of another, that construction is to be given to the later statute. *Conn* v. *Hartwell,* 3 Gray, 450; *Ruchmabaye* v. *Mottichmed,* Eng. L. & Eng., 84; *Bogardus* v. *Trinity Church,* 4 Sand. Chan., 633; *Riggs* v. *Wilton,* 13 Ill., 15; *Adams* v. *Field,* 21 Vt., 256. It is presumed that the Legislature which passed the later statute knew the judicial construction which had been placed on the former one, and such construction becomes a part of the law."

That the opinion in *Merritt* v. *Carpenter, supra*, was regarded as a construction of the entire section, is already shown by the fact, that in consequence of that decision the paragraph was amended by the Legislature of New York, so as to include injuries to real estate in certain cases, and in *Welch* v. *Winter*, 14 Hun., 518, which was an action for injury to real estate, INGALLS, P. J., says : "We think the change was intentional, to avoid the construction given to section 179 in the case referred to (*Merritt* v. *Carpenter*)."

This decision was made in 1878, and we find our Legislature in 1883 re-enacting the Code of Civil Procedure, containing the original language, with these TWO constructions put upon it by the Courts of New York. We cannot conceive of a case to which the rule we have mentioned is more applicable.

It was said on the argument, that the word " personal," in paragraph 3, would have been unnecessary if paragraph 1 referred only to personal property. The answer is, that the final paragraph is confined to actions for the recovery of damages only, and not for the recovery of specific property.

For the reasons we have given, we think the order of arrest should have been vacated.

No error.

MERRIMON, J. (dissenting). I do not concur in the opinion of the Court, and will briefly state some of the grounds of my dissent:

That part of the statute (*The Code*, § 291) material to be here recited prescribes that " the defendant may be arrested as hereinafter prescribed, in the following (among other) cases: *  *  *  for injuring or for wrongfully taking, detaining, or converting property." It is said that the word *property*, thus employed, is used in a restricted sense—that it embraces only *personal* property. It seems to me clearly otherwise. In the ordinary legal acceptation of that term,

it implies and embraces both real and personal property, and the one kind as certainly as the other, in the absence of qualification in some way reasonably appearing. Here such qualification does not appear. The term "injuring" applies to real as readily and as reasonably as to personal property, and there exists the same reason why a person injuring real property should be subject to arrest as in case he had done injury to personal property. Why should a man, if he injures a horse, an ox, a machine, a vehicle, or other thing personal, be subject to arrest, and be free from it if he burns one's house, his barn, his stable, or cuts down his fruit trees, or pulls down his fences, or cuts the roots of and thus kills his vines, digs dangerous pits in his land, sows thistle seed on it, or cuts his turf? He is in both cases chargeable with *injuring* property, and as certainly in one case as the other. I cannot conceive of any substantial or just reason for such distinction.

And so, also, a person may, in a not unreasonable sense, be chargeable with "wrongfully taking" part of the real property, as when he unlawfully takes marl, muck, coal, minerals and the like, before the same shall be severed or taken out of or from the land. And so, also, he may be chargeable with detaining or converting real property, as when he detains the possession of a field, a house, a mill, or the like. In the strict technical sense of some of the words mentioned as used in the common law method of procedure, they might not be aptly applied as suggested, but it is otherwise in the untechnical use of such words in *The Code* method of procedure. But, granting that the words "wrongfully taking, detaining or converting" property, do not well apply to real property, the term "injuring" certainly does, in the way already indicated.

It cannot be said properly that the words "for injuring, or for wrongfully taking, detaining or converting," apply to but one particular cause of action or one class of actions. It will be observed that the words are used

disjunctively, and they designate four distinct causes of action, for which the person chargeable therewith may be arrested; he may be arrested, first, for *injuring* property, real or personal; secondly, for wrongfully taking property; thirdly, for detaining it; fourthly, for converting it. There is a total absence of words or provisions in the section of the statute cited, or elsewhere, showing that the word "property" is used in a limited sense. On the contrary, paragraph 3 of this section prescribes that, "in an action to recover the *possession of personal* property," under circumstances prescribed, a person may be arrested. If the word "property," as used in the clause recited, was intended to embrace only "personal" property, why was the term "personal" used in the connection last mentioned? It was useless and misleading in that case.

But if there could be any reasonable doubt as to the meaning of the word "property," as used in the clause of the statute under consideration, it would seem that the statute (*The Code*, § 3765, par. 6), would remove all question and dispel all such doubt. It, among other things, prescribes that "in the construction of *all statutes*, the following rules shall be observed, unless such construction would be inconsistent with the *manifest* intent of the General Assembly," repugnant to the context of the same statute—that is to say * * * "the word 'property' shall include all property, both real and personal."

It seems to me very clear, that it is not inconsistent with the manifest intent of the General Assembly, nor repugnant to the context of the statute, to say that the word "property," as used in the clause of the statute recited, embraces both real and personal property. I can discover nothing that gives the term a restricted meaning. It embraces real property, and the clause of the statute embraces all actions for injuries to such property, but not all kinds of actions concerning it.

It is said, however, that the statute cited above is an exact copy of a like statute that at one time prevailed in the State of

New York, and that the Court of Appeals in that State held, in *Merritt* v. *Carpenter*, 3 Keys, 142, that the word " property" did not embrace *real* property. This, I am sure, is a misapprehension of that case. It simply decided that an action to *recover possession* of real property and damages for the unlawful detention of the same, was not an action for *injuring* or for unlawfully taking, detaining or converting property, within the meaning of the statute. It did not decide that an action for *injuring* real property did not come within its meaning. It might well be that an action to *recover possession* of land did not. The Court of Appeals said that such an action could not fairly be deemed an action for *injuring* land. Moreover, the case just cited was decided by a Court divided in opinion, and it reversed the unanimous decision in that case, directly to the contrary, of the Supreme Court. *Merritt* v. *Carpenter*, 80 Barb., 61.

What the Court of Appeals would have decided, if an action for *injuries* to real estate had come before it, cannot certainly be known, but it seems to me that it would have been compelled to hold that it came within the meaning of the statute. *James* v. *Beasley*, 14 Hun., 520.

There is, perhaps, another ground on which the judgment of this Court properly rests, but I need not advert to its merits.