## PEOPLE ex rel. GATES v. FARGO.

(Supreme Court, Appellate Division, Fourth Department. April, 1896.)

EXECUTION AGAINST PERSON—WHEN AUTHORIZED.

Though the complaint in an action to recover damages for a trespass to land, in cutting timber thereon, also prays that defendant be enjoined from similar threatened trespasses, the action is still one for "injury to property" (Code Civ. Proc. § 549), and therefore an execution against defendant's person on the judgment recovered therein is authorized.

Appeal from special term, Cattaraugus county.

Habeas corpus proceedings on the relation of Sid. H. Gates against Irwin W. Fargo. From an order discharging relator from imprisonment on an execution against his person, defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

F. S. Wheeler, for appellant.
Hudson Ansley, for respondent.

GREEN, J. Irwin W. Fargo brought an action against Sid. H. Gates to recover damages for trespass and injury to the freehold by the defendant in that action, Sid. H. Gates, in cutting standing and growing timber upon lands of the plaintiff. The plaintiff alleged in his complaint that he was the owner of the land described therein, and that the defendant wrongfully and unlawfully entered upon the

same, and cut down and carried away a quantity of valuable chestnut trees and timber of the plaintiff, then standing and growing upon the land, and converted and disposed of the same to his own use; that he also cut down, upon said lands, a quantity of valuable chestnut trees, and threatened to remove the same; that such acts of trespass were committed wrongfully, unlawfully, and maliciously, and without a special and lawful written license so to do, and without any authority therefor in any manner whatsoever; that he threatened to continue to commit trespass upon the said lands and premises, and to continue cutting down, carrying away, and disposing of all of the timber standing and growing upon the land, to his own use; that the trees and timber were of great value to the plaintiff, and that unless restrained from the continuance of the commission of such acts of trespass, and of cutting down and carrying away and disposing of trees and timber, the said defendant would continue to cut down, carry away, and dispose of a large quantity of valuable timber from the lands and premises, to the great injury and damage of plaintiff; that by reason of such acts of trespass the plaintiff was greatly injured in his estate; that he had suffered damages thereby in the sum of $50; and that by reason of said acts of trespass the defendant, by force of sections 1667 and 1668 of the Code of Civil Procedure, became liable to pay to the plaintiff treble the amount of such damages.   The plaintiff demanded judgment that an injunction order, pendente lite, might issue to restrain the defendant from continuing to cut, draw away, or dispose of the timber on the lands; that a perpetual injunction be granted in the action, restraining and enjoining the defendant from the commission of any act of trespass upon the lands and premises, by cutting down, carrying away, or disposing of, to their own use, or the use of any other person, any trees or timber upon said lands or premises; and that the plaintiff recover the sum of $150 against the defendant as damages for the several acts of trespass committed by him as stated in the complaint, together with the costs of the action.   The defendant, in his answer, admitted that plaintiff was the owner of the premises described in the complaint, but alleged that defendant was the owner of the timber mentioned therein; that he had purchased the same of plaintiff, and was the owner of all the chestnut timber or other kind of trees or timber that he cut or removed from the premises; and that the timber removed was so removed by the consent and license of the appellant,—and denied each and every other allegation of the complaint.   The action was referred.   The referee made his report in favor of the plaintiff upon all the questions at issue, and found that he was entitled to recover damages in the sum of $5 and costs, and to a permanent injunction.   Judgment was entered thereon for $5 damages and $188.92 costs.   Execution against the property of the relator was duly issued, and returned unsatisfied.   Thereafter an execution against the person of the defendant was issued.   He was arrested by the sheriff, and held in his custody until a writ of habeas corpus was issued, and upon the return of that writ an order was made discharging the relator from the custody of the sheriff.

The relator claims that the appellant was not entitled to an execution against his person, as the appellant had, in his complaint, joined with the action for trespass a demand for equitable relief. The learned county judge decided the question presented upon that ground alone. In his opinion he says:

"It is clear that this form of execution might properly issue for the damages and costs alone, if the equitable relief had not been also demanded and received. And the only question to be disposed of is whether or not such joinder of a request for equitable relief prevents plaintiff from enforcing his judgment for damages and costs in the manner in which he now seeks to do."

Upon that ground alone counsel for relator seeks to uphold this order.

The nature or the subject-matter of the action was the defendant's wrongful act in the commission of a trespass upon the lands of plaintiff. The plaintiff alleges in his complaint that the acts so complained of were wrongfully, willfully, and unlawfully committed by the defendant. He further alleges that the defendant threatened to continue the commission of those wrongful acts. And he asked in that complaint for protection from the continuance of the wrongful acts of defendant so complained of. By demanding such protection in his complaint, the nature of the action was not changed. The wrong, and not the incidental question of protection from such wrong, still continued to be the subject-matter of the litigation. The wrong alleged was the controlling issuable fact. The continuance of that wrong, the plaintiff alleged, would work irreparable injury and damage to his property. He claimed in his complaint that it was necessary, to prevent a continuance of those wrongful acts, that the court should interpose by injunction, and restrain the defendant from such continuance. An adjudication in favor of the plaintiff has been made upon all of the issuable facts. It was alleged in the complaint, and so found by the judgment, that the defendant therein had committed a wrong, and that it was his intention to continue in the perpetration thereof. There is but one count in this complaint, and but one cause of action alleged, and that is for the past wrongs committed by defendant, and protection from threatened continuance of the same. The case of Niver v. Niver, 19 Abb. Prac. 14, is conclusive against the contention of the relator. The learned county judge comments upon that case, and says that it did not appear that the protection there granted was to be in form a permanent injunction, and says "the court states 'that action was for injury to property,' and it seems fair to infer from this statement that no equitable relief was granted." He seems to have entirely misconceived the final result of that action. The complaint therein was for a willful and wrongful injury to plaintiff's property, and for wrongfully and willfully depriving her of the use of certain parts of such property. It set forth the will of her father, the injuries complained of, and then asked that the rights and interests of the parties to the action under such will (the defendant, her brother, being devisee therein) should be adjudged and determined; that the defendant be required to remove certain obstructions he had

interposed to the proper use of her property; that an injunction be issued against him from interfering therewith, and for judgment for an injunction and damages for the injuries. An answer was interposed, denying all the allegations in the complaint, except the will and the relations of the parties. The cause was referred to a referee to hear and decide, who reported in favor of plaintiff for $50 damages and costs, and granting the relief restraining and enjoining the defendant as prayed for in the complaint. Peckham, J., writing the opinion, says:

"The gravamen of the action is the wrongs done to the plaintiff's property. There is but one count, and that asks redress for past wrongs, and protection for the future. * * * Here are no two causes of action. The action is substantially for injuries—willful injuries—to plaintiff's property. * * * This case comes within the plain provision of the Code § 179 [now section 549] for injuring property."

I am of the opinion that the order herein should be reversed, and the relator, Sid. H. Gates, remanded to the custody of the sheriff of Cattaraugus county.

Order reversed, and relator, Sid. H. Gates, remanded to the custody of the sheriff of Cattaraugus county. All concur.