HARVEY, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*February 1—February 20, 1912.*

*Summons: Signature.*

Omission of the signature from the copy of summons served upon defendant, where the annexed papers, served therewith, advise the defendant of the name and address of the plaintiff's attorney, is a mere irregularity and not a jurisdictional defect.

APPEAL from an order of the circuit court for Buffalo county: E. W. HELMS, Circuit Judge. *Affirmed.*

An unsigned summons in this action was served on a station agent of the defendant on September 26, 1910. Attached thereto was a copy of the complaint, which was signed

by the plaintiff's attorney, and on the cover or backing of the summons and complaint were indorsed the title of the action, the words "summons and complaint," and also the following: "S. G. Gilman, Plaintiff's Attorney, Mondovi, Wis." The original summons was duly signed, but was not filed until October 24, 1910. Defendant did not appear or answer, and judgment was taken against it by default on October 27, 1910. On November 10th, following, defendant appeared specially and moved to vacate the judgment and set aside the service of the summons, "for the sole reason that no summons" had ever been served in the action. The circuit judge denied the motion, and from the order denying the same defendant appeals.

The cause was submitted for the appellant on the brief of *William G. Wheeler*, attorney, and *Edward M. Smart*, of counsel, and for the respondent on that of *S. G. Gilman*.

BARNES, J. Defendant had the right to assume that the copy of the summons served was what it purported to be, a true copy of the original, and, if an unsigned summons is in fact no summons at all, then the court acquired no jurisdiction of the person of the defendant and the service should have been set aside. If the signature is not necessarily an essential part of the summons, then we have a mere irregularity to deal with and not a jurisdictional defect, and the trial court reached a correct conclusion. The precise question here involved was before the Minnesota and Iowa courts and they reached opposite conclusions, the Minnesota court holding that the omission of the signature was a mere irregularity (*Lee v. Clark*, 53 Minn. 315, 55 N. W. 127), and the Iowa court holding that an unsigned summons was no summons and could give the court no jurisdiction of the person of the defendant (*Hoitt v. Skinner*, 99 Iowa, 360, 68 N. W. 788). This court has said that the only object of the statute (sec. 2630, Stats. 1898) in requiring the summons to show

the name and address of the attorney or party who commences the action "is that the defendant may know upon whom and at what place he may serve his answer and other papers in the action." *Mezchen v. More,* 54 Wis. 214, 216, 11 N. W. 534. Under the authority of this case we must hold that the omission of the signature was a mere irregularity and not a jurisdictional defect. The papers annexed to the summons and served therewith advised the defendant of the name and address of the plaintiff's attorney and supplied the omission complained of by giving defendant the requisite notice of the name and address of the person upon whom to serve such papers as it desired to serve in the action.

*By the Court.*—Order affirmed.