## 10369

## WESSINGER v. DUNCAN.

### (102 S. E. 6.)

1. ARREST—IMPROPER ARREST AND BAIL DOES NOT DEFEAT CAUSE OF ACTION TO RECOVER MONEY.—Arrest and bail is merely a matter ancillary to the action, and the question of conformity to the statutes for arrest and bail are proper in a motion to discharge the arrest, but nonconformity to the statutes does not defeat a cause of action set up in a complaint to recover money and a note, and is not ground for sustaining a demurrer to the complaint.

2. PLEADING—PAYMENT TO PLAINTIFF SUING FOR MONEY DEFENSE AND NOT COUNTERCLAIM.—In an action against an attorney to recover money placed in his hands, where defendant put in a bill against the plaintiff, which tended to show that at plaintiff's request he had paid out all of the funds, including fees, to the defendant, except a certain amount which he tendered in Court, the matters set up by defendant were simply matters of defense, and not a counterclaim, as no separate judgment could have been rendered thereon.

3. APPEAL AND ERROR—ALLOWING REPLY TO ANSWER UNDER ERRONEOUS BELIEF THAT ANSWER CONTAINED COUNTERCLAIM HARMLESS.—Since it was within the discretion of the trial Court to allow a reply to an answer, there was no reversible error in allowing a reply to an answer under the erroneous belief that the answer contained a counterclaim.

4. ATTORNEY AND CLIENT—CONTRACT BETWEEN ATTORNEY AND CLIENT QUESTION FOR JURY.—In an action against an attorney to recover money left in his hands, whether a receipt tendered in evidence by the plaintiff was a receipt referred to in a power of attorney, and whether it was a part of the contract, *held* for the jury.

5. TRIAL—TESTIMONY NOT OBJECTED TO MUST BE CONSIDERED BY JURY.—Testimony introduced without objection must be considered by the jury.

6. APPEAL AND ERROR—QUESTIONS OF FACT NOT REVIEWABLE.—The appellate Court cannot pass upon the facts, not even when a witness makes a contradictory statement; it being for the jury to say which statement they believe.

7. ATTORNEY AND CLIENT—WITHDRAWAL OF EVIDENCE FROM JURY IN ACTION FOR ACCOUNTING ERROR.—In an action against an attorney to recover money left in his hands, Court erred in withdrawing from the consideration of the jury evidence of defendant that he had a contract for the collection of certain disputed claims, and that plaintiff wrongfully settled with the debtors without his consent, and that defendant was withholding part of the money left with him as compensation for his services.

Before WHALEY, County Judge, Richland, —— term, ——. Reversed and new trial ordered.

Action by J. W. Wessinger against J. T. Duncan. Judgment for plaintiff, and defendant appeals.

*Mr. John T. Duncan,* for appellant.

*Mr. John Hughes Cooper,* for respondent.

January 27, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff brings this action against the defendant, formerly his attorney, to recover the sum of $800 in cash (less $150 paid out by the defendant, at the plaintiff's request) and a note for $270, which the plaintiff alleges that he had left with the defendant for safe-keeping. The plaintiff alleged fraud in the detention of his property, and the defendant was arrested under proceedings in arrest and bail.

The defendant demurred to the complaint, on the ground that the complaint did not state a cause of action in arrest and bail under the statutes of this State. The demurrer was overruled, and the defendant interposed an answer as follows:

"The defendant herein answering:

"(1) Denies each and every allegation in said complaint contained.

"(2) Defendant alleges that a reckless disregard of facts is shown in the allegations of the complaint, and that sinister reasons of counsel and other interested parties entered in the bringing of this action in arrest and bail against defendant.

"(3) Defendant alleges that for such time in the month of May and up to the middle of June while he represented plaintiff he served plaintiff faithfully and well, and both prior to and after plaintiff insisted upon making, and did

make, to defendant power of attorney to act for and represent plaintiff said plaintiff approved of every act of this defendant in the expenditure of said money and every other act of defendant in the bringing and defending actions brought by and against plaintiff, who was then engaged in the sale of automobiles.

"Wherefore, defendant demands that an accounting be had, that judgment be given defendant in accordance with the facts, and that plaintiff be required to pay the costs and damages herein to defendant, and for such other relief as is just."

1. The demurrer was properly overruled, as the complaint stated a cause of action. Arrest and bail is merely a matter ancillary to the action. The question of conformity to the statutes for arrest and bail are proper in a motion to discharge the arrest, but nonconformity to this statute does not defeat the cause of action to recover the money and note.

There are 30 exceptions, but they have not been separately considered by appellant in his argument, and will not be so treated here.

The verdict was for the plaintiff, and the defendant appeals.

2. At the trial of the case before the County Court for Richland county, the question arose as to whether the defendant had pleaded a counterclaim or not. The County Judge held at first, that the defendant had not pleaded a counterclaim. He subsequently reversed this ruling and allowed the plaintiff to reply. Exception is taken to this ruling. The defendant put in a bill against the plaintiff, which tended to show that at plaintiff's request he had paid out all of the funds, including fees to the defendant, except $10 which he tendered in Court. The Judge was right in the first instance. The matters of defense were pleaded strictly as a defense and not as a counterclaim

No separate judgment could have been rendered on the answer; it did not state facts to sustain a separate judgment. There was no reversible error in the second ruling as he had the right in his discretion to allow the reply.

3. On the day the money and note were turned over to the defendant, the defendant gave to the plaintiff the following receipt:

"May 28, 1918. Received of Joseph W. Wessinger, cash, check, and note $1,070 dollars to keep safe as attty. to return at call $1,070. (Signed) John T. Duncan."

The power of attorney is as follows:

"South Carolina, Richland County. Whereas, I did employ John T. Duncan to act for me and in my behalf as attorney in making a collection of certain property then in the hands of Frank Cosgrove which he was unjustly withholding and refusing to deliver to me; and, whereas, my attorney, the said John T. Duncan, did succeed in collecting from him four hundred and fifty dollars, a check for three hundred and fifty dollars and a note for two hundred and seventy dollars, all of which I then turned over to my attorney, John T. Duncan, taking his receipt for same. I do now authorize him to use said funds as he may see proper and to account to me for said use in the outlay of same in the payment of all expenses hereto attached and in the handling, adjusting, settlement or litigation that may be necessary or that may be thrust upon me in the settlement of all my matters with the Cosgrove Automobile Co.

"I do further employ the said John T. Duncan to represent me in all of said matters now in hand or growing out of my dealings with said Cosgrove Automobile Co., and I now give to him the right to do any and all things for me and in my behalf and to sign my name as my attorney in any and all transactions for me.

"Witness my hand and seal this May 30, 1918. Jos. W. Wessinger. (L. S.) Witness: E. A. Carter."

The defendant claimed that the power of attorney was the only evidence of the contract between the parties, and that all previous agreements were merged in the power of attorney. The Judge charged the jury that whether the receipt and power of attorney were merged or not, and whether the receipt in evidence was the receipt referred to in the power of attorney, were questions of fact for them. In that charge the Judge was right. The power of attorney referred to a receipt, and it was for the jury to say whether the receipt in evidence, not identified by the power of attorney, was the receipt referred to. Contracts are sometimes to be gathered from many papers, and in this case the question as to whether the contract consisted of one or two papers was a question for the jury.

4. The appellant claims that he was entitled to a verdict on the whole case. This cannot be sustained, as the testimony was conflicting. The appellant appeared for the plaintiff in several cases, but the plaintiff testified: "Q. Do you owe Mr. Duncan? A. Not as I know of. Q. State whether or not you employed Mr. Duncan to do anything for you. A. To make the contract when I subrented to Crater Sales Motor Company; employed him to do nothing else. Q. Have you employed him since? A. No, sir; not before either. Q. Did you give Mr. Duncan a power of attorney? A. For a day or two to make settlement with Cosgrove. I gave him power of attorney to make that special settlement—found it was not done—not my intention for him to act on any other than on that day."

The testimony was not objected to, and, being in without objection, must be considered by the jury. This Court cannot pass upon the facts, not even when a witness makes contradictory statements. It is for the jury to say which statement they believe.

5. Appellant claims that he had, with the plaintiff, a contract for the collection of certain disputed claims. There

14—S. C. 113

was a conflict of statements as to whether these claims had been collected. The appellant claims that he did collect them, in that allowances were made for the claims in the settlement made. The presiding Judge charged the jury as follows: "The Court: In other words, he testifying, and I understood Mr. Wessinger to say, that there was a $700 claim which he told Mr. Duncan he could collect, and if he did collect it, he would give him half of it. That is not in here, because, as I understand, that has never been collected. Put that aside, because they are not asking for that $700 in their complaint. They are asking for the balance of that thousand and seventy dollars, for the $1,070, less $150. •

"Mr. Duncan: You entirely misunderstood the $700 collection. That says—let me see the power of attorney; have you got it there? The Court: I won't ask any questions. I think I am right on that."

It was error to exclude the matters from the consideration of the jury.

There are other questions that apply solely to the trial from which this appeal is taken, and include such matters as the tone of voice, etc., which the record does not show, and cannot show.

The judgment is reversed, and a new trial ordered.

MESSRS. JUSTICES WATTS and GAGE concur.

MR. CHIEF JUSTICE GARY did not sit.

MR. JUSTICE HYDRICK. I concur in the opinion of MR. JUSTICE FRASER, except as to the disposition of points 3 and 5. As to 3: The testimony was susceptible of but one inference as to what receipt was referred to in the power of attorney. There is no evidence that defendant ever gave plaintiff any other receipt than that dated May 28, 1918; and that receipt is also sufficiently identified in the power of attorney as being the one therein referred to, because that instrument refers explicitly to the collection from Cosgrove

of $450, a check for $350, and a note for $270, "all of which I then turned over to my attorney, John T. Duncan, taking his receipt for same." The evidence is undisputed that there was only one collection from Cosgrove, and that it consisted of the very items mentioned in the power of attorney, and the receipt mentions "cash, check and note," amounting to $1,070. The evidence being susceptible of but one inference, and that being that the receipt referred to in the power of attorney was the one dated May 28th, the Court erred in refusing to so instruct the jury, as requested by defendant, and that the rights of the parties were to be determined under the power of attorney.

As to 5: The testimony was susceptible of but one inference as to the collection by defendant of plaintiff's claim against the Cosgroves for $700, which defendant had undertaken to collect for a contingent fee of one-half the amount collected, and that inference is that neither the claim, nor any part of it, had ever been collected by defendant. Nevertheless, defendant charged half of that amount—$350—in his account against plaintiff, as an item for which he should have credit, on the ground that plaintiff had defeated his collection of it by making a settlement with the Cosgroves of all matters in dispute between them, without his knowledge or consent, after having employed him to collect it on the agreement that he should have half the amount collected.

Clearly, plaintiff had the right to settle with the Cosgroves and end the litigation between them, but, in doing so without the consent of defendant, he incurred liability to defendant, not necessarily for half the amount of the claim, as erroneously contended by defendant, but for reasonable compensation to defendant for the services which he had rendered in and about the investigation and prosecution of that claim. I agree, therefore, that the Court erred in excluding that claim entirely from the consideration of the jury. They should have been allowed to find what defendant had done, at the request of plaintiff, in and about the

investigation and prosecution of that claim, and what his services were reasonably worth, and for that amount he should have had credit. There was some evidence that that claim was fictitious and without foundation in fact or in law. If so, of course, defendant would not be entitled to anything on account of it.