10947

### HUENFELD CO. v. SIMS

(112 S. E. 917)

PROCESS—UNSIGNED SUMMONS ATTACHED TO VERIFIED AND SIGNED COMPLAINT HELD SUFFICIENT.—Although Code Civ. Proc. § 178, requires that the summons shall be subscribed by plaintiff or his attorney, it does not prescribe at what particular place thereon the subscription shall be placed, and where the complaint attached to a summons was verified by plaintiff and signed by his attorney, the proper service thereof, although the summons was not signed by either the plaintiff or his attorney, was sufficient to confer jurisdiction.

Before SEASE, J., Spartanburg, March, 1922. Reversed.

Action by the Huenfeld Co. against Mrs. C. P. Sims. From order vacating judgment by default plaintiff appeals.

*Mr. Cornelius Otts,* for appellant, cites: *Sufficient if name of attorney appears anywhere on the summons:* 49 Barb., 62, 32 How., 97, 10 Abb., 260, 134 N. W., 839, 108 Pac., 1038, 76 Pac., 646, 92 Pac., 989, 121 Am. St. Rep., 287, 117 N. W., 22, 53 Miss. Rep. (N. Y.), 249, Code Proc. 1912, Sec. 178. *Rule changed since:* 23 S. C., 154.

*Mr. L. G. Southard,* for respondent, cites: *Summons must be subscribed by attorney:* Code Proc. 1912, Sec. 178, 107 S. C., 532.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

13 S. C.—120.

Motion by defendant to set aside a default judgment upon the ground that the summons was not signed by either the plaintiff or its attorney.

The summons was in the usual form except that the plaintiff's attorney failed to sign his name at the end thereof; his office address was set forth in the body of the summons, and his name was subscribed below the title of the case upon the indorsement; the summons was attached to the complaint, which was verified by the plaintiff and signed by the plaintiff's attorney. In this shape the papers were duly served upon the defendant, who neither filed nor served notice of appearance, answer or demurrer. Judgment by default was properly rendered on January 25, 1922. The defendant then on February 28, 1922, gave notice of this motion, which was heard by Judge Sease at Chambers March 22, 1922. Judge Sease signed an order sustaining the defendant's motion, vacating the judgment. From this order the plaintiff has appealed, raising the single question above indicated.

While Section 178 of the Code provides that the summons shall be subscribed by the plaintiff or his attorney, it does not prescribe at what particular place on the summons the subscription shall be placed, and in view of the evident purpose of the requirement that the defendant shall be informed of the person upon whom and the place where the pleadings to be offered by him shall be served, it is a refined technicality to hold that this purpose was not fully accomplished by the papers in this case.

Practically the identical question arose in the case of *Harvey v. Railway Co.,* 148 Wis., 391; 134 N. W., 839. In that case an unsigned summons was served upon the defendant; attached thereto was a copy of the complaint, signed by plaintiff's attorney; on the cover or back of the summons and complaint were indorsed the title of the case, the words "summons and complaint," and this was followed by the name and address of the plaintiff's attorney. The

trial Court held that, even if the signature of the plaintiff's attorney was an essential part of the summons, it was a mere irregularity, and not a jurisdictional defect. The Appellate Court sustained this conclusion, holding:

"The papers annexed to the summons and served therewith advised the defendant of the name and address of the plaintiff's attorney, and supplied the omission complained of by giving defendant the requisite notice of the name and address of the person upon whom to serve such papers as it desired to serve in the action."

No question has been raised as to the power of the Circuit Judge at Chambers to vacate a judgment.

The judgment of this Court is that the order appealed from be reversed.