15898

D. W. ALDERMAN & SONS CO. v. KIRVEN
(40 S. E. (2d), 791)

*Mr. James Hugh McFaddin,* of Manning, for Appellant,

*Mr. John G. Dinkins,* of Manning, for Respondent,

December 11, 1946.

Mr. Associate Justice Fishburne delivered the unanimous opinion of the Court.

This appeal presents several questions, all arising out of the refusal of the lower court to vacate the order for the arrest of appellant which was obtained under Sub-section 6 of Section 500 of the Code, upon a verified complaint and two supporting affidavits.

The appellant obtained his discharge from the arrest upon giving bond as provided in 5ection 507, after which he served his answer and counterclaim, and thereafter moved to vacate the order.

In opposing appellant's motion to set aside the order, the plaintiff contended that the defendant had waived all questions of irregularity or nonconformity with the statutes upon which the order of arrest was based, upon the ground that any objection to it on the ground of defect, deficiency or irregularity must be taken advantage of by the defendant in the first instance, and before he has given bail or entered appearance.

In support of this sustaining ground, the plaintiff directs our attention to several cases in this jurisdiction where it is stated that proceedings for the arrest of a debtor in a civil case are closely analogous to attachment proceedings and should be strictly construed. *Four County Agr. Credit Corp. v. Matthews,* 199 S. C., 71, 18 S. E. (2d), 602; and analogous to decisions where it has been held that a defendant by giving bond and pleading to the merits in attachment proceedings thereby waives the right to move to vacate the attachment except in certain instances not relevant here. *DuRant v. Brown Motor Co.,* 147 S. C., 88, 144 S. E., 705; *Bonnette v. Clow,* 118 S. C., 376, 110 S. E., 794.

But there is an important distinction between attachment proceedings and the provisional remedy in arrest and bail. As was pointed out in *Young v. Gray,* Harp., 38, quoted with approval in *DuRant v. Brown Motor Co.,* 147 S. C., 88, 144 S. E., 705:

"The writ of attachment, although a sort of proceeding *in rem,* like any other original writ, *is intended to bring the defendant into court,* and if he does appear and plead to the merits like every other, it is *functus officio.* Its peculiar character is lost, and from thence the proceeding is merely personal, and must be governed by the same rules. The defendant did appear and plead; and, according to the rule, all objections to the regularity of the writ were waived, and cannot now avail the defendant." (Emphasis added.)

In some jurisdictions this rule of practice has been applied to bail in civil actions. In *Sedgewick v. Houston*

(Del.), 9 Houst., 113, 32 A., 12, 43 Am. St. Rep., 165, it was held that giving bail and thereby obtaining discharge from arrest constituted a clear waiver of any objections to the affidavit on which the arrest was based. It was said that the affidavit to hold to bail is to be considered as part of the process to bring the defendant into court; and any irregularity therein must be considered as having been waived when a defendant has voluntarily done an act submitting to such process, instead of taking steps to avail himself of such irregularity in the first instance, before giving bail or entering appearance. It is recognized, however, in the case of *Sedgewick v. Houston, supra,* that this rule of practice has been modified or abolished in several of the other states by statutory or constitutional provisions.

A different rule of practice prevails in this jurisdiction. As was said in *Wessinger v. Duncan,* 113 S. C., 205, 102 S. E., 6:

"Arrest and bail is merely a matter ancillary to the action. The question of conformity to the statutes for arrest and bail are proper in a motion to discharge the arrest, but nonconformity to this statute does not defeat the cause of action. * *° *."

Nor, we may add, does the giving of bail prior to making a motion to vacate the arrest or answering, waive defects in the affidavit on which the arrest was based.

While the affidavit to hold to bail may be considered as part of the process to bring the defendant into court, this is not its function. The summons in a civil action is the process by which the court obtains jurisdiction of a defendant. As shown by Section 525 of the Code: "A defendant arrested may, at any time before judgment, apply, on motion, to vacate the order of arrest, or to reduce the amount of bail."

One ground of appeal advanced by the defendant is that the verified complaint on which the clerk of court of common pleas issued the order of arrest, does not specify the name of such court in the title of the

cause as required by Section 456 of the Code; and that the proof of service, like the complaint, does not contain the name of the court, but instead contains the words, "State of South Carolina." For these reasons, it is argued that the court of common pleas lacked jurisdiction because of failure to comply with the law.

We think, under the facts and circumstances disclosed here, that the omission complained of is a mere irregularity. When the complaint was served upon the defendant, he promptly gave the statutory bond to the clerk of the "Court of Common Pleas", and when he served his answer and counterclaim he correctly designated, in the caption, the court which had jurisdiction—that is, the "Court of Common Pleas." In addition to this, the words, "Court of Common Pleas," appear in the summons, in the order of arrest, in the bond, in the supporting affidavits; and likewise on the back of the summons to which all of these papers, including the complaint, were securely bradded as a unit.

In *Huenfeld v. Sims,* 120 S. C., 193, 112 S. E., 917, the summons was not subscribed as required by the statute, but was held to be sufficient, since the complaint to which it was attached was duly signed and verified, and thus fulfilled the purpose of the requirement, which was to notify the defendant of the action and give him an opportunity to appear and defend. And to the same effect see *Raines v. Poston,* 208 S. C., 349, 38 S. E. (2d), 145. The proof of service contains none of the defects adversely criticized in *Cannon v. Haverty Furniture Company,* 179 S. C., 14, 18 S. E. (2d), 469. The defendant was not misled or prejudiced in the slightest degree. To sustain these objections would be to sacrifice substance to form.

It is next contended that the circuit judge erred in holding that the order of arrest signed and issued by the clerk of the court of common pleas was legal, when such order shows on its face that it was not subscribed or endorsed by the plaintiff or his attorney, as required by Section 504 of the Code.

An analogous and almost identical principle was decided in *Huenfeld v. Sims,* 120 S. C., 202, 112 S. E., 917, where, as already pointed out, the summons was attached to the complaint and both were served together. The summons was not signed either by the plaintiff or his attorney, but the attorney's office address appeared in the body of the summons, and his name was subscribed upon the endorsement. In this case, the name and address of plaintiff's attorney was fully set forth in the body of the order. The order was annexed to and served with the summons, which was endorsed by plaintiff's attorney beneath the title of the cause, and this in our opinion supplied the omission complained of.

Appellant argues that the plaintiff or his attorney should subscribe or endorse his name on the identical sheet on which the order is written. Here, the plaintiff signed the verification of the complaint, signed the bond and qualification, and plaintiff's attorney signed the summons and complaint. His name and address are given in the body of the order of arrest and in the body of the summons as stated, and he endorsed his name on the back of the summons, to which all papers were annexed. We think it would be a refined technicality to hold that this was not a sufficient compliance with the statutory requirement.

The final issue raised is that the court erred in holding that the affidavit on which the order of arrest was issued states a valid cause of action under sub-section 6 of Section 500 of the Code, the error being that he should have held that this section is applicable only to personal property, whereas this is an action for damage to real property.

This action was brought for damage and injury to plaintiff and plaintiff's property and for the wrongful taking, detaining and converting of such property. The claim for damages is based upon the allegations that the defendant entered upon a tract of land in Clarendon County whereon the plaintiff owned the timber and certain rights and easements, and cut, sawed, and removed valuable timber there-

from belonging to the plaintiff, and in doing so damaged and destroyed other valuable timber on the premises.

Under Section 500 of the Code, a defendant may be arrested as hereinafter prescribed, in the following cases:

Subsection 6: "In an action for the recovery of damages in a cause of action not arising out of contract, when the defendant is a nonresident of the state or is about to remove therefrom, or when the action is for an injury to person or character, or for injury or for wrongfully taking, detaining. or converting property."

It is the last clause of the foregoing subsection with which we are concerned—"for injury or for wrongfully taking, detaining or converting property". Does the word "property" appearing in this clause refer to both real and personal property.

In some jurisdictions the right to arrest in an action for injuries to real estate under a statute worded like ours, is denied. The case of *Bridgers v. Taylor,* 102 N. C., 86, 8 S. E., 893, 3 L. R. A., 376, was an action for trespass upon the land of the plaintiff, the affidavit stating that the defendant entered upon the lands of the plaintiff, tore down fences, cut down trees, and otherwise damaged the land.

The paragraph of the North Carolina Code under which the defendant was arrested is identical with the subsection of our Code; and the definition of the word "property" in the North Carolina Code, as shown in the report of this case, is the same as ours. Our Code, Section 899, provides: "The word 'property', as used in this Code of Procedure, includes property, real and personal".

In *Bridgers v. Taylor, supra,* the court adopted and followed the reasoning employed in the New York case of *Merritt v. Carpenter,* 3 Abb. Dec., 285, 3 Keyes, 142, construing identical statutes authorizing arrest and bail. The New York court said:

"The following words, 'taking' and 'converting', would neither of them be appropriate in speaking of real property. One may be readily understood when he says that an action may be sustained for taking personal property, or for converting it, or for taking and converting it; but the words would convey no legal idea when applied to real estate. There is a broad sense in which the word 'detaining' might be applied to real estate, of which the expression 'forcible entry and detainer' is an illustration. Such was not, I apprehend, the meaning of the codifiers in its present connection. The expressions, 'injuring', 'taking', 'detaining', and 'converting', are well used in the same sentence and apparently as applying to the same subject matter. Three of these words I have endeavored to show are not applicable to real property, and if the fourth was so intended, the use of the language was singularly unfortunate. I think the words (the italics are ours) *were all intended to be applied to personal property only.*"

Subsequent to the decision in *Merritt v. Carpenter, supra,* the law in the state of New York was amended so as to authorize the granting of orders of arrest in actions "to recover damages for an injury to property, including the wrongful taking, detention, or conversion of personal property". And it was later held that the law as amended included an injury to real as well as personal property. *People v. Fargo,* 4 App. Div., 544, 38 N. Y. S., 1004.

We do not think that under the ordinary rules of construction the statute under consideration warrants an arrest for injuries to real property. The respondent presents persuasive reasons to show that an owner of real property should be given the same remedial protection as the owner of personal property. As desirable as this may be, we are satisfied that the statute as now worded applies to personal property only.

But this conclusion does not necessarily render ineffectual the plaintiff's cause of action upon which the arrest was based. It is alleged in the complaint that the defendant en-

tered upon the tract of land therein described and cut and removed therefrom approximately 45,719 feet of timber.

We have held in several cases that trees growing upon lands are a part of the realty, and continue to be realty until severed from the soil. The latest case in which this principle is announced is *State v. Collins,* 188 S. C., 338, 199 S. E., 303, wherein it was said that trees when severed from the soil may then become the subject of larceny according to the circumstances under which the severance and asportation are made. "If the severance and asportation are one continuous act, there is no larceny. If they are separate and distinct acts the article severed may be the subject of larceny".

Upon the trial of this case, it will be a question for the jury to determine, under proper instructions, whether the severance and asportation were one continuous act or two separate and distinct acts.

In our opinion, the verified complaint and supporting affidavits were legally sufficient to authorize the order of arrest.

Judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER concur.