0752

C. Dale HOLMES, Respondent v. WESTVACO CORPORATION, Appellant.

(347 S. E. (2d) 887)

Court of Appeals

*G. Dana Sinkler,* of *Sinkler, Gibbs & Simons,* Charleston, *for appellant.*

*John A. Martin,* Winnsboro, *for respondent.*

Heard April 23, 1986.

Decided July 7, 1986.

GOOLSBY, Judge:

This action at law involves the sale of timber rights by the respondent C. Dale Holmes to the appellant Westvaco Cor-

poration. The trial court awarded Holmes a judgment against Westvaco in the amount of $4,000. We reverse.

On August 3, 1982, Holmes executed and delivered to Westvaco a written instrument entitled, "TIMBER DEED (Per Cord)" by which he sold to Westvaco "all marked trees" on a thirty-five acre tract of land that Holmes owned in Saluda County. The instrument gave Westvaco the right to enter Holmes' property for a period of one year "for the purpose of cutting and removing the trees and timber, and to do all things necessary upon the lands in removing and cutting the timber." The instrument recited that the consideration was one dollar and "additional consideration." The additional consideration was to be a certain amount per cord for all pine pulpwood "obtained from the lands."

Westvaco cut and removed some of the marked trees within the one-year period and paid Holmes for them. At the expiration of the cutting and removal period, however, Holmes refused to allow Westvaco to enter his property for the purpose of cutting and removing the remaining marked trees. The parties stipulated that the trees left standing upon expiration of the one-year period had a value of $4,000. This value is equal to or greater than the contract price of the remaining marked trees.

Westvaco contends the instrument in question is not a deed but is an executory contract and that title to the marked trees was to pass only upon the trees' severance from the land. We need not determine, however, whether Westvaco's contentions are correct because Holmes has suffered no damages irrespective of whether the instrument is a deed or an executory contract and irrespective of whether title to the marked trees passed to Westvaco only upon the trees' severance from the land.

The timber left standing on the land unquestionably belongs to Holmes. *Rowland v. Harris*, 218 S. C. 42, 61 S. E. (2d) 397 (1950). In an action for damages resulting from a failure to cut, remove, and pay for timber on certain property within a specified time, the measure of damages is the difference between the contract price and the market value of the timber left standing on the property at the end of the cutting and removal period. *Stillwell v. Paepcke-Leicht Lumber Co.*, 73 Ark. 432, 84 S. W. 483 (1904);

52 Am. Jr. (2d) *Logs and Timber* § 125 at 94-95 (1970); 54
C. J. S. *Logs and Logging* § 33 at 735 (1948); *see Weathersbee
v. Green,* 43 S.C.L. (9 Rich.) 492 (1856) (an action on a timber
contract where court, in granting a new trial, implied that
landowner could recover damages for trees left standing on
the property after the expiration of the contract only if the
trees had diminished in value from the date of the contract);
*cf.* Code of Laws of South Carolina § 36-2-107(1) (1976) (a
contract for the sale of timber is a contract for the sale of
goods); *Id.* § 36-2-708(1) (measure of damages for repudia-
tion by buyer is the difference between the market price and
unpaid contract price together with any incidental dam-
ages).

In this case, the value of the timber left standing on the
property is no less than the contract price. Thus, under the
appropriate measure of damages, Holmes is not entitled to
any general damages.

Holmes contends that, apart from any general dam-
ages owed to him, he is also entitled to special
damages. Special damages, however, must be specifi-
cally alleged and proved. *Sheek v. Lee,* ____ S. C. ____ , 345
S. E. (2d) 496 (1986); *Kline Iron & Steel Co. v. Superior
Trucking Co., Inc.,* 261 S. C. 542, 201 S. E. (2d) 388 (1973).
Because Holmes did not request special damages in his
complaint and offered no proof of such damages at trial, we
decline to address this issue.

Reversed.

CURETON, J., concurs.

GARDNER, J., dissents.

GARDNER, Judge (dissenting):

The timber deed, written on a form of Westvaco's, is as
follows.

### Timber Deed

### (Per Cord)

KNOW ALL MEN BY THESE PRESENTS: That on
this 3 day of August, 1982, Dale Holmes ("Grantor"), for
and in consideration of the sum of One Dollar ($1.00),

(receipt of which is hereby acknowledged), and the additional consideration, if any; hereinafter stated, has granted, bargained, sold and conveyed and by these presents does grant, bargain, sell and convey unto Westvaco Corporation, its successors and assigns, ("Grantee"), all the merchantable trees and timber described as follows:

All marked trees on Leopard Tract, 35 Ac. ± in Saluda County.

TOGETHER with the right to enter and leave the lands for the purpose of cutting and removing the trees and timber, and to do all things necessary upon the lands in removing and cutting the timber.

TO HAVE AND TO HOLD the said trees and timber, to the extent cut and removed within the time herein stated, unto Grantee, its successors and assigns, forever.

Grantor warrants that he will forever defend the title to the trees and timber and further covenants and warrants that upon notification by Grantee that there is a claim against Grantor's title, Grantor will return the consideration paid by Grantee, if so requested by Grantee.

Grantee will pay Grantor $17.00 per cord (128 cubic feet or 5350 pounds) for all pine pulpwood and $ _____ per cord (128 cubic feet or _____ pounds) for all hardwood pulpwood and $35.00 CNS, $55.00 PLY cord (5350 Scale) and $ _____ per thousand board feet hardwood (_____ Scale) for all sawtimber obtained from the lands.

All trees and timber conveyed are to be removed within 1 year from the date hereof. IN WITNESS WHEREOF, the Grantor has signed and sealed these presents the day and year first above written.

As will be noted at the top center of the Deed are the words "Timber Deed" with the words "Per Cord" in parentheses thereunder. The face of the deed contains the written words "Dale Holmes to Westvaco" and under this are the printed words "Deed for Timber." The probate form was not completed, but the form states in part "deliver the foregoing deed." The deed was prepared by Westvaco. Westvaco's name is printed in the granting clause as the "the grantee."

The instrument has a granting clause, a habendum clause and a warranty clause. The deed refers to the parties as "grantor" and "grantee." The deed is signed only by the grantor, Dale Holmes. The deed was delivered to Westvaco. There can be no doubt that the instrument is a deed.

In South Carolina unsevered trees are a part of the realty, and continue to be realty until severed from the soil. *Alderman and Sons Co. v. Kirven*, 209 S. C. 446, 40 S. E. (2d) 791 (1946).

In this state a grantee under a timber deed requiring the timber to be cut and removed in a specified time takes a qualified or determinable fee. All of the timber left on the land at the time set for the expiration of the cutting and removal rights, legally belongs to the land owner by virtue of the timber deed itself. Consequently, in the case before us, Holmes is under no obligation whatsoever to Westvaco for the trees left on the land. *Rowland v. Harris*, 218 S. C. 47, 61 S. E. (2d) 397 (1950).

The court additionally held in *Rowland* that the leaving of conveyed timber after the specified time for its severance could not constitute the basis of a counterclaim. The effect of *Rowland* is to negate the holding of the majority opinion in this case that the measure of damages is the difference between the consideration for the deed and the market value of the timber left standing on the property after the expiration of the time for cutting.

The case before us presents the simple question of whether Holmes should be permitted to recover from Westvaco the agreed consideration for his conveyance to Westvaco of a fee determinable estate in real property. It is not a question of damages for the breach of a contract as the majority opinion would hold. This is not an action on a contract. It is an action for the recovery of the purchase price for a deed of an estate in land.

Other than *Rowland*, which obliquely addressed the issue, our courts have not had occasion to specifically consider the rights of a seller of timber to recover the full purchase price, notwithstanding the fact that title has reverted to the grantor because of the grantee's failure to remove the timber within the time specified in the deed; this right is logical and established by cases in other states which construe a timber

deed to convey a fee determinable estate in realty. *See Sanders v. Clark,* 22 Iowa 275 (1867) and *Furrow V. Blair,* 84 W. V. 654, 100 S. E. 506 (1919).

The fallacy of the majority opinion is based in its miscomprehension of the law relating to deeds of real estate and in its attempt to apply the law of damages for the breach of a contract rather than the right of a grantor to recover the purchase price for the conveyance of an estate in realty.

The majority opinion is in my mind clearly erroneous. I would affirm the well-reasoned appealed order.